## NATHAN HARDING *vs.* INHABITANTS OF MEDWAY.

The provision in *St.* 1842, *c.* 86, that county commissioners, who have " estimated the damages sustained by any persons in their property by the laying out of any highway, shall not order said damages to be paid," and that no person claiming damage shall " have a right to demand the land over which the highway is located shall have been entered upon, and possession taken, for the purpose of constructing said highway," applies to all public, travelled ways, whether town ways or county ways : But it does not prohibit a person over whose land a town way is laid out by the commissioners, and who is aggrieved by their estimate of his damage, from having the damage assessed by a jury, before his land is entered upon, and possession thereof taken for the purpose of constructing the way.

The court of common pleas has a right to set aside a verdict of a sheriff's jury, assessing damage sustained by a party by the laying out of a road over his land, for the reason that the damages are excessive, as well as for any other good reason.

THE county commissioners, in 1844, laid out and established a town way in Medway, partly over land of Nathan Harding, and awarded $50 to him, as damages. They allowed three months to the owners of the land over which the way was established, to take off trees, &c. and to make fences, and ordered the road to be constructed by the town of Medway, within a year from the last of December 1844.

The owners of the land took off the trees, &c. and made fences; but nothing was done towards the construction of the way, before the September term of the court of common pleas in 1845.

The said Harding, being aggrieved by the assessment of the damages aforesaid, applied to the county commissioners, by petition, in December 1844, for a jury to determine the matter of his complaint. A jury was accordingly ordered by the commissioners, and was empannelled on the 11th of September 1845, and returned their verdict to the court of common pleas held on the third Monday of the same September, assessing damages at $150. The respondents, at that term, moved to set aside the verdict, on the ground that the damages were excessive. The court was of opinion that the damages were excessive, but, for the reasons hereinafter stated, no order was passed on this motion of the respondents.

The respondents further objected to the acceptance of the verdict, " that the application for the jury was premature, under *St.* 1842, *c.* 86, § 1, which makes the right to damages, which are assessed to him, contingent and defeasible, and that it was within the intent of that statute that a dissatisfied party should not be put to the expense of causing such assessment to be revised by a jury, until the right to some damages had become fixed and certain." For the purpose of presenting this question to the supreme judicial court, the court of common pleas ruled that the verdict should be set aside on this ground; and it was so ordered, and judgment entered accordingly. The petitioner thereupon alleged exceptions.

*J. P. Bishop & King,* for the petitioner. By *St.* 1842, *c.* 86, § 1, it is provided that " whenever the county commissioners shall have estimated the damages sustained by any persons in their property by the laying out or altering of any highway, and made a return thereof," they " shall not order said damages to be paid, nor shall any person claiming damage have a right to demand the same, until the land over which the highway or alteration is located shall have been entered upon, and possession taken, for the purpose of constructing said highway or alteration."

There is a plain distinction between a public highway and a town way, as it respects laying them out; (*Jones* v. *Inhabitants of Andover*, 9 Pick. 154;) and the statute provisions which apply to the one are inapplicable to the other. The first sixty five sections of *c.* 24 of the Rev. Sts. relate exclusively to highways, and § 1 of *St.* 1842, *c.* 86, is only an amendment of § 11 of *c.* 24. The provisions in *c.* 24, from § 66 to § 78, relate exclusively to town ways and private ways. And the way over the petitioner's land was laid out under the authority conferred on the commissioners by Rev. Sts. *c.* 24, § 71, regulating such ways, and not highways.

But if *St.* 1842, *c.* 86, can be applied to town ways, yet the petitioner, being aggrieved by the smallness of the sum allowed him by the commissioners, may "have the matter of his complaint determined by a jury," before possession is taken of his land, as well as he can have his damages assessed by the commissioners before possession is taken. Otherwise, he may be wholly deprived of a jury. By the Rev. Sts. *c.* 24, § 10, the commissioners, when they lay out a road, are directed to specify the time within which it shall be completed. In the present case, the town was ordered to construct the road in one year ; and nothing was done towards the construction for the first six months. Yet by *St.* 1842, *c.* 86, § 3, the petitioner's application for a jury is required to be made within six months from the time of the commissioners' order.

If the petitioner's land is never taken, the verdict of the jury, as well as the estimate of damages by the commissioners, will go for nothing.

*Lovering*, for the respondents. The term "highway," in its general and customary signification, means a road or way over which the public have a right of travel, however that right may have been obtained. Ways by prescription, by dedication, bridges, causeways, &c., when the public use is not limited, are highways. Com. Dig. Chimin, A. 1. The Rev. Sts. *c.* 24, is a codification of the road law, in which the word "highway" is used technically, to denote county roads, as distinguished f om town ways and private ways pre

vided for in the same chapter. Its use in that chapter does not aid in determining its use elsewhere. In *c.* 25, and elsewhere in the statutes, and in our reports, the word is used in its general sense, except when restricted by qualifying words, or manifestly used in the technical sense in which it is to be understood in *c.* 24. See *Sts.* 1786, *c.* 67, and 1834, *c.* 184, § 4. *Jones* v. *Inhabitants of Andover,* 6 Pick. 59, and 9 Pick. 154. *Commonwealth* v. *Hubbard,* 24 Pick. 98. *Harrington* v. *County Commissioners,* 22 Pick. 263. *Commonwealth* v. *Wilkinson,* 16 Pick. 175. *Commonwealth* v. *Gammons,* 23 Pick. 201.

The *St.* of 1842, *c.* 86, was passed for the purpose of remedying the evil, which the court could not prevent, in the case of *Harrington* v. *County Commissioners,* above cited, to wit, the payment of damages to land owners, when a road was laid out, though it never was made. But that evil is remedied only in part, if the statute is construed to apply only to technical highways. The remedy was doubtless intended to be commensurate with the evil, and it is, by the terms of the statute, applicable to " any highway." These terms, instead of restricting, extend the remedy to all roads over which the public have an unrestricted right to travel.

It seems to be against the express language, as well as the intent of *St.* 1842, *c.* 86, that the petitioner should have a jury before his land is taken. The statute was made to preclude all *claims* for damages, when the land is not taken. " The commissioners shall not order damages to be paid, nor shall any person claiming damage, have a right to demand the same until," &c. A land owner cannot be deprived of a jury, when his land is taken. By Rev. Sts. *c.* 24, § 76, one year from the laying out is allowed, in which to petition for a jury, in case of a town way or private way, laid out by commissioners ; so that, if towns neglect to enter on the land within the first six months after the order of the commissioners is made, six months remain, within which to petition for a jury.

Hubbard, J. The respondents moved to set aside the ver

dict rendered in this case, on two grounds; 1st, that the application for a jury was premature, under *St.* 1842, *c.* 86, § 1, until the right to recover damages had become fixed and certain; 2d, that the damages assessed were excessive. In answer to the first objection the petitioner says that said statute is, by its terms, confined to highways or ways from town to town, and that town ways stand precisely as they did before that statute was passed.

The word " highway" is a term applicable to all great roads, leading from town to town, to markets and to public places, and denotes a way that is common to all passengers. But it is also especially used, in our statutes, as applicable to county roads or roads leading from place to place, in distinction from town or private ways, as to which the provisions are different in several respects. But though it is thus specifically applied, yet when used in a popular sense it includes all public travelled ways, whether county or town. The meaning of the term " highway" was fully discussed by this court, in *Jones* v. *Inhabitants of Andover*, 6 Pick. 59, which was a case similar in principle to the present, though wholly unlike in its circumstances; and the court there held, "that the legislature, in providing a remedy suitable for all cases of damage happening from culpable neglect in parties obliged by law to maintain roads, did not use the term "highway" in the straitened sense supposed, which would leave the citizens without remedy, but in the general, popular sense, including certainly town ways, which, though of inferior importance to county roads, are yet public in their use, and may not improperly be termed highways." See also *Commonwealth* v. *Hubbard*, 24 Pick. 98. In that case the court say, (in giving a construction to an indictment in which the terms "town way" and "highway" were used as applicable to the same way,) "the change of the expression from *town way* into *highway* implies no absurdity or contradiction. Every town way is a highway for most purposes, and may be described as such in an indictment."

The object of the statute now under consideration was, to

relieve towns, in certain specified cases before the county commissioners, from the payment of damages for lands over which a way should be located, until the same should be taken possession of for the purpose of constructing the way ; and to regulate the doings of the county commissioners therein. And it was, no doubt, enacted in consequence of the decision in the case of *Harrington* v. *County Commissioners of Berkshire*, 22 Pick. 263, where damages were allowed to a land owner, though the road was discontinued soon after its location, and before the land was entered upon. In the present case, the mischief intended to be prevented by the statute may as often occur in the case of town ways as of county ways, and the remedy provided is equally applicable to both. And we are of opinion, that the statute is not to receive so limited a construction as is contended for by the petitioner, but that the term "highway," in this statute, is so far used in a popular sense, as to extend to travelled ways, in relation to which the county commissioners are called upon, under its provisions, to direct or adjudicate.

The first section of *St.* 1842, *c.* 86, refers to the doings of the commissioners in estimating damages and making a return thereof, in pursuance of § 11, of *c.* 24 of the Rev. Sts. That section provides that the commissioners' shall estimate the amount of damage, and shall state the share of each person separately ; and by § 13, any person aggrieved by their doings may, on application to them by petition, have his damages settled by a jury. And in respect to town and private ways, by § 68, any person who is aggrieved by the determination of the selectmen, as to the amount of compensation allowed, may, upon application to the commissioners, have his damages ascertained by a jury, in like manner as is provided in respect to the recovery of damages for laying out highways. And so by § 71, if the selectmen shall refuse or neglect to lay out a town or private way, the person aggrieved may apply to the commissioners to lay out the way and estimate the damages occasioned thereby. The powers of the commissioners extend alike to highways, town ways, and private ways ; and in

giving a construction to *St.* 1842, *c.* 86, we are of opinion that the power of the commissioners is not thereby restricted to highways, in the limited meaning of that term, in estimating damages or in directing a jury for that purpose, but is to be exercised in the same manner as is provided for in the revised statutes *in pari materia ;* thus bringing the case at bar within the purview of the statute.

But we do not think, as contended for by the respondents, that the ascertaining of the damages was premature. By the laying out of the road, the rights and liabilities of the parties had commenced; and the petitioner declared himself to be aggrieved. The time allowed to a person aggrieved for calling a jury is one year after the laying out. Rev. Sts. *c.* 24, § 76 ; and this laying out of the road, and not the opening or working on it, is the act establishing the road. The party, therefore, is not required to wait till the road is begun to be worked upon, but may have his jury, as provided, and his damages assessed, after the laying out. But the intention and effect of *St.* 1842, *c.* 86, are, to suspend the issuing of the order for the payment of the damages, until the land is taken possession of for the purpose of constructing the highway or making the proposed alteration. It is like a judgment in an action at common law, with a stay of execution.

In regard to the motion for setting aside the verdict because the damages were excessive, we have no doubt of the right of the court of common pleas to set aside a verdict for that cause as well as for any other good cause shown.

The exceptions are sustained, and the cause is remitted to the court of common pleas for further proceedings.