No. 1,870.

## CITY OF HUNTINGBURGH v. FIRST.

MUNICIPAL CORPORATION.—*Personal Injuries.—Defective Sidewalk.—Contributory Negligence.*—Knowledge on the part of a pedestrian of a defect in a sidewalk is not in general, conclusive evidence of negligence on his part in attempting to use it. He is not bound to forego the use of the walk, but must use care commensurate with the danger to be encountered.

SAME.—*Personal Injuries.—Evidence.—Sufficiency Of.*—Evidence that plaintiff was injured by falling over a loose board in a sidewalk, which was tipped up by another person stepping thereon, and that she knew of the condition of the walk, and was looking for holes in the walk, is insufficient to support a verdict in her favor.

SAME.—*Notice of Danger.*—One who knows that there are loose boards on a sidewalk is chargeable with knowledge that they are liable to tip when a person steps upon the ends thereof.

SAME.—*Contributory Negligence.—Burden of Proof.*—In an action for personal injuries, the burden is upon the plaintiff to show that she was free from contributory negligence.

From the Dubois Circuit Court.

*W. A. Traylor* and *W. S. Hunter*, for appellant.

*W. E. Cox* and *L. H. Fisher*, for appellee.

Ross, J.—The appellee sued and recovered judgment against the appellant, for personal injuries received by her while passing over a sidewalk in said city, which she alleges was unsafe and defective. The complaint is in three paragraphs, in substance alike, to each of which the appellant filed a demurrer, which was overruled and exceptions saved.

The demurrer was addressed separately to each paragraph of the complaint, hence was several in its character, and the same as if three separate demurrers had been filed, one to each paragraph. The

first specification of error assigned is joint, and ques-
tions a ruling on the demurrer to the complaint as an
entirety.

The appellee alleges, in her complaint, that on the
20th day of October, 1893, she was walking over and
upon a certain board or plank sidewalk on Washing-
ton street, in the city of Huntingburgh, on her way
to church, in company with one Mary Lott; that her
companion stepped upon one of the boards used in the
construction of the walk, which had been permitted,
on account of appellant's negligence, to become loose,
when the board tipped and turned up at the opposite
end thereof and immediately in front and within a
foot of appellee, just as she was in the act of stepping
forward, when she caught her foot under the board,
stumbled and fell down, injuring her, etc.

It is contended, on the part of the appellant, that
each paragraph of the complaint is insufficient, be-
cause it is not alleged therein, either that she was
ignorant of the defective condition of the sidewalk,
or that she was herself without fault contributing to
her injury.

If one knows of a defect in a street or sidewalk
greater care is required of him in its use than of one
who has no knowledge thereof, unless the defect is
open and obvious, so that the danger from its use in
that condition is apparent to all persons using it.
When a defect in a street or sidewalk is open and
obvious, or is known to the traveler or pedestrian, he
must, in passing along or over it, exercise reasonable
care to avoid being injured by reason thereof.

It is sufficiently alleged, we think, in each para-
graph of the complaint, that appellee did not know of
the dangerous, defective, and unsafe condition of the
walk; for in the first paragraph it is alleged "that
while so walking side by side, along, over, and upon

said sidewalk, and "not knowing or suspecting the said sidewalk," etc.; in the second paragraph, that "not suspecting or knowing the dangerous, unsafe, and treacherous condition of such sidewalk," etc., and in the third paragraph, that "without knowledge of its dangerous and unsafe condition, and with due and proper care," etc.

And each paragraph contains an allegation in substance that appellee was injured "without any fault or negligence on her part." A general allegation of freedom from contributory negligence is sufficient to withstand a demurrer, unless there are facts pleaded which show affirmatively that her own negligence contributed to her injury. The general allegations of freedom from fault in each paragraph of the complaint before us is sufficient, there being no facts pleaded which show affirmatively that appellee's own negligence in any manner contributed to her injury.

The evidence, most favorable to appellee, shows that the sidewalk in question had been out of repair for at least several months prior to the time she was injured; some of the boards of the walk were broken, others had holes in them, and still others were loose, while at places entire boards had been removed. Some of the city's officials knew, for a long time prior to appellee's injury, of the condition of the walk, although they deny that it was in the condition in which some of appellee's witnesses testified it was. Appellee herself testified that she passed over the walk frequently, and she knew the planks were all loose; that at 7 o'clock on the morning of October 20, 1893, the day she was injured, she was on her way to church, and, while passing over the walk, was looking for holes, but did not know that the planks would tip up; that her companion, Mary Lott, stepped upon a loose

board, which tipped up and she caught her foot under the raised end and fell.

None of the witnesses testified that the walk was not safe for use, or that it was in any way dangerous; on the contrary, the only witness who spoke of its condition, as to whether it was dangerous or otherwise for use, was a witness for appellee, who says "It could not be considered unsafe if one would pay attention."

It is true, that knowledge on the part of a pedestrian of a defect in a sidewalk is not in general conclusive evidence of negligence on his part in attempting to use it. He is not bound to forego the use of the walk simply because he knows that there are defects in it, unless the defects are such that to try to use the walk in that condition would probably result in injury. The defect may be very slight, or it may be serious, and yet the walk may be used with safety by those who exercise proper care, hence, while the pedestrian need not forego the use of the walk on account of a defect, he must, if he proceeds, use what is defined as ordinary care under the circumstances, to avoid being injured; that is to say, the care to be exercised by him must be commensurate with the danger to be encountered. The greater the danger the more vigilant and cautious must he be, for no man has a right to knowingly cast himself in the way of danger. It is his duty to avoid it, and if, by his failure to use at least ordinary care to avoid being injured, and injury befalls him, the fault is his own, and he alone must suffer therefor.

"A party is not to cast himself upon an obstruction which has been made by the fault of another, and avail himself of it, if he do not himself use common and ordinary caution to be in the right," says Lord Ellenborough in *Butterfield* v. *Forrester*, 11 East. 60.

And in the case of *Town of Gosport* v. *Evans*, 112 Ind.

133, Mitchell, J., says: "One who knows of a dangerous obstruction in a street or sidewalk, and yet attempts to pass it when, on account of darkness or other hindering causes, he cannot see so as to avoid it, takes the risk upon himself. For a much greater reason does he take the risk upon himself, if, seeing an obstruction, and knowing its dangerous character, he deliberately goes into or upon it, when he was under no compulsion to go, or might have avoided it by going around."

The most prudent persons take some risks, but in taking the risk they must exercise ordinary care to avoid being injured; otherwise, if injury befalls them, it will be attributed to their own want of care. What may be considered ordinary care, under the circumstances, depends upon the danger to be encountered. Ordinary care, however, requires that a person should not attempt to pass a place which he knows cannot be passed without incurring a hazard that ordinarily prudent persons would not incur. *City of Richmond* v. *Mulholland*, 116 Ind. 173; *City of Bloomington* v. *Rogers*, 9 Ind. App. 230.

In the case of *Lake Shore, etc., R. W. Co.* v. *Pinchin*, 112 Ind. 592 (595), the court, by Elliott, J., says: "But the fact that the danger is known, or might be known by the exercise of the natural faculties, will preclude a recovery where it is immediate and of such a character as to impose upon one who undertakes to pass the danger a hazard that a prudent man would not incur. A man has no right to cast himself upon a known danger where the act subjects him to great peril. If there is a risk, apparent or known, that will probably result in injury, he must not encounter it."

The appellee herself testified that she knew the planks were loose, and that she was looking for holes in the walk at the time she fell and was injured, but

that she did not know that the loose boards would tip. And one of her witnesses testified that the walk was not unsafe if the person using it was attentive and careful.

The duty imposed by the law upon a city is that it shall keep its streets and sidewalks in a reasonably safe condition for travel, and when they are in that condition no liability accrues for injuries received by travelers or pedestrians. It is not required to keep its streets and sidewalks absolutely safe, for it is recognized that there will necessarily be slight inequalities and trifling defects and obstructions, and as against these it is the duty of the traveler or pedestrian to exercise care and see that they do not cause him to be injured. *City of Indianapolis* v. *Cook*, 99 Ind. 10; *Buscher* v. *City of Lafayette*, 8 Ind. App. 590.

If the walk was not unsafe to those paying attention and using care while walking upon it, appellee's injury, so far as the evidence discloses, may have been the result of carelessness or inattention on her part. The fact that she says she did not know that the planks would tip is no sufficient excuse for not paying attention and using care, for she was bound to know that a loose board or plank in a walk is liable to be misplaced by one stepping upon it. It requires no special knowledge to know that a loose plank in a walk may be so misplaced. She was familiar with the walk and its conditions, and in using it she was bound to use care commensurate with the danger incurred. One of the dangers to be anticipated, and which it was her duty to use some degree of care to guard against, was the very one which she says caused her injury. She took no precaution, so far as the evidence discloses, to avoid it; but, as an excuse for her neglect, she says she did not know that a loose board when stepped upon would tip. She was in duty bound to

know that it was liable to, or might do so, and to take ordinary precaution to avoid being injured in the event it did tip. The evidence fails to show that she took any precaution whatever to avoid being injured.

The burden rested upon the appellee to prove that her own negligence did not contribute to her injury. And it is not sufficient that the evidence is silent and there is nothing therein tending to prove either contributory negligence or freedom therefrom on her part. It is an affirmative allegation, which was necessary to the statement of a cause of action in her complaint, that she was injured without any negligence on her part, and the burden rested upon her to prove it. And it is well settled that where the circumstances point just as much toward the negligence of the injured party as to its absence, or points in neither direction, he cannot recover. *Toledo, etc., R. W. Co. v. Brannagan, Admx.*, 75 Ind. 490; *Indiana, etc., R. W. Co. v. Greene, Admx.*, 106 Ind. 279; *Wabash, etc., R. W. Co. v. Locke, Admr.*, 112 Ind. 404.

"Where there is a known danger of the character just indicated, one who attempts to pass it must show that he used a degree of care proportionate to the danger which he knew was before him. If he fails to show a degree of care commensurate with the magnitude of the danger, he connot recover for injuries received in attempting to pass it." *Nave v. Flack*, 90 Ind. 205.

We are not compelled to, and do not hold, in arriving at the conclusion we have reached, that there is affirmative evidence showing that appellee's own negligence contributed to her injury. The question here is not whether the evidence establishes such a state of facts as warrants the court in holding that the appellee's own negligence contributed to bringing about the injury, but, is there any evidence from which a

jury could rightfully infer that she was exercising ordinary care? The burden resting upon appellee, in order to entitle her to recover, was to prove, not only that the appellant was negligent, and that such negligence was the proximate cause of her injury, but also, that she herself was free from negligence contributing thereto. The jury had no right to find a verdict in her favor, unless there was some evidence tending to prove that she was free from contributory negligence.

"Mere proof that the negligence of the defendant was a cause adequate to have produced the injury will not enable plaintiff to recover, as it does not necessarily give rise to the inference of due care upon his part, proof of which is essential in his case." *Hinckley Admr.*, v. *Cape Cod R. R. Co.*, 120 Mass. 257.

And in the case of *Indiana, etc., R. W. Co.* v. *Greene*, *supra*, it appears that on the trial of the cause the court below gave to the jury the following instructions, viz: "The allegation that the injury occurred without the fault or negligence of the plaintiff's intestate, must be proved by the plaintiff, but, at the same time, it is a negative averment, and if the plaintiff has shown by the evidence that the injury occurred as charged, resulting in the death of the plaintiff's intestate, and that it was caused by the negligence of the defendant as charged, without showing any contributory negligence or ground for inferring or reasonably suspecting such negligence, she would be entitled to recover without making direct and affirmative proof on that subject. In the absence of circumstances to show or suggest it, there is no presumption of contributory negligence." On appeal the Supreme Court held that the instruction was erroneous, saying: "It will not do to say, however, as the instruction in effect does, that if the plaintiff can show

the defendant's negligence and his injury, he may leave his own conduct to conjecture and recover. He must show the facts, as well those which relate to his share in the transaction as those which relate to the defendant's, and if, upon the whole case, an inference of negligence arises against the defendant, and of due care on his part, he may recover."

But the right of a jury to decide that the complaining party's own negligence did not contribute to his injury depends upon whether or not there is evidence warranting such a finding. The jury cannot arbitrarily find negligence on the part of one party, and the absence of contributory negligence on the part of the other party without evidence to support such a finding. And it is not the province of the jury to say when there is or when there is not evidence tending to prove such facts. It is the right of the jury to consider and weigh the evidence from which two conclusions may reasonably be drawn, and therefrom draw a conclusion, but it is the province of the court alone to determine whether or not there is or is not evidence tending to establish any particular fact or theory of a case.

"Jurors cannot, without evidence reasonably authorizing an inference of negligence, arbitrarily declare there was negligence. Neither can they, in the face of undisputed facts, showing conclusively that a party was guilty of negligence contributing to an injury, declare that he was free from contributory negligence." *Rush* v. *Coal Bluff Mining Co.*, 131 Ind. 135.

There was not a scintilla of evidence in this case tending to show that the appellee was exercising ordinary care at the time she was injured, and for that reason there was a total lack of evidence to establish one of the indispensable elements of her cause of action. *City of Bedford* v. *Neal*, 143 Ind. 425.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

LOTZ, J., dissents.

GAVIN, C. J., concurs in result.

REINHARD, J. absent.

Filed February 13, 1896 ; petition for rehearing overruled June 17, 1896.

## CONCURRING OPINION.

DAVIS, J.—In the view I take of the case, if there is any evidence in the record tending to show that the appellee was in the exercise of due care at the time she sustained the injury, the judgment of the trial court should be affirmed, otherwise it will have to be reversed.

The sidewalk was made of second-class, one-inch plank five feet in length, nailed to four stringers. The outside stringers were four inches by four inches. The inside stringers were two inches by four inches. At the time of the accident, and for several months prior planks were loose, and there were some holes in the walk. The sidewalk was constantly used by the traveling public. The appellee knew the condition of the walk, but did not know that the plank would tip up. On the occasion when the appellee was injured, about 7 o'clock in the morning, she was going to church with Miss Lott. They were walking side by side on the walk, the appellee being on the outside. They were both looking for holes in the walk. Miss Lott stepped on a loose plank which she thought was nailed, and caused it to come up about two inches, and appellee caught her foot against it and fell down. The only evidence showing that she had the defective condition of the walk in her mind, and that she was paying any

attention to where she was stepping, is that she was looking for holes in the walk. Whether she was walking slowly or carefully, does not appear. There are no other circumstances showing that she was walking carefully, or that she was using her sense of sight, or .that she was paying any attention to where she was stepping. Her companion thought the loose plank on which she stepped, and which caused the injury, was nailed, but what the appearance of the plank was,— whether her belief was justified,—is not shown. The only question, therefore, is whether the facts and circumstances shown by the record were such as would justify the inference by the jury that the appellee was in the exercise of due care at the time she was injured.

If there was any evidence that she was walking carefully, and that she was looking for holes and loose boards in the walk, and that she was paying attention to where she was stepping, and that the appearance of the walk at the point where she was injured was such as to lead her to believe that she could, in the exercise of .the care she was using, pass over it in safety, the evidence, in our opinion would be sufficient.

In the absence of any such facts and circumstances, we are constrained to hold that the evidence on the the point under consideration is not sufficient. *City of Fort Wayne* v. *Breese,* 123 Ind. 581; *City of Bluffton* v. *McAfee,* 12 Ind. App. 490 ; *City of Bloomington* v. *Rogers,* 9 Ind. App. 230.

The case is in many respects similar to *City of Fort Wayne* v. *Breese, supra,* with the exception that in that case it was shown that Mrs. Breese was walking slowly and carefully in order to avoid the dangers incident to the defective condition of the sidewalk, and that, at the point where she was injured, the sidewalk looked better and more secure than the points she had

passed over.   There is no evidence in the record show-ing that the appellee was in fault in going on the de-fective walk in company with Miss Lott, with knowl-edge that the walk was out of repair.   With full knowledge of its defective condition, she had the right to walk thereon with her companion.   She was only required to use ordinary care to avoid injuries which were likely to result from the defects known to her. As before observed, the record, as it comes to us, fails to show the necessary facts and circumstances, relat-ing to her conduct, from which the jury could draw the inference that she was in the exercise of due care at the time she was injured.

Therefore, I concur in the conclusion that the judg-ment should be reversed, with instructions to sustain appellant's motion for a new trial.

Filed February 18, 1896.