## GRIBBEN v. CITY OF FRANKLIN.

[No. 21,441.    Filed April 21, 1911.]

1. MUNICIPAL CORPORATIONS. — Sidewalks. — Injuries. — Notice.—
Statutes.—Titles.—"Highways."—The title of the act of 1907
(Acts 1907 p. 249) reading: "An act concerning actions against
cities and towns on account of injuries resulting from defective
highways and bridges," is broad enough to cover a provision with-
in the purview of such act (§8962 Burns 1908) making the giving
of a notice to a city of personal injuries sustained because of a
defective sidewalk a condition precedent to the right to main-
tain an action therefor, the word "highways" including streets
and sidewalks.    pp. 501, 503.

2. HIGHWAYS.—Streets.—All streets are public highways, but all
public highways are not streets.    p. 502.

3. MUNICIPAL CORPORATIONS.—"Street."—Sidewalks.—The word
"street" ordinarily includes sidewalks.    p. 502.

4. MUNICIPAL CORPORATIONS. — Injuries. — Notice.—Constitutional
Law.—Statutes.—Local.—The act of 1907 (Acts 1907 p. 249,
§8962 Burns 1908), providing that as a condition precedent to
the maintenance of an action against a city or town for personal
injuries by reason of defective streets the plaintiff shall give to
such city or town a certain written notice, does not violate
article 4, §22, of the Constitution providing that "the General
Assembly shall not pass local or special laws * * * regulat-
ing the practice in courts of justice."    p. 503.

5. CONSTITUTIONAL LAW.—Special Privileges.—Cities.—Defective
Streets.—Injuries.—Notice.—The act of 1907 (Acts 1907 p. 249,
§8962 Burns 1908) requiring persons injured by reason of a de-
fective street to give notice thereof to the city before bringing
an action therefor does not grant special privileges or immunities,
since the legislature at its pleasure may fix the liability of all
municipal corporations.    p. 504.

6. MUNICIPAL CORPORATIONS.—Defective Streets.—Injuries.—No-
tice.—Under §8962 Burns 1908, Acts 1907 p. 249, requiring that
"no action in damages * * * resulting from any defect in
the condition of any street * * * shall be maintained against
any city * * * unless written notice" be given, failure to
give such notice precludes the right to maintain such action, and
actual knowledge by a member of the common council does not
dispense with such statutory notice.    p. 504.

From Johnson Circuit Court; Isaac Carter, Special Judge.

Action by Elbert Gribben against the City of Franklin.
From a judgment for defendant, plaintiff appeals.    Affirmed.

*L. Ert Slack,* for appellant.

*Elba L. Branigin,* for appellee.

MYERS, C. J.—This is an action by appellant against appellee for damages on account of an injury received, caused by an alleged defective sidewalk in the city of Franklin.

Error is assigned upon the ruling of the court sustaining a demurrer to the complaint. The complaint alleges that appellant was injured by falling upon a dangerous sidewalk and breaking his leg on July 31, 1907, producing a compound fracture; that, at the time of the injury, a member of the common council of appellee city knew of the condition of the sidewalk where appellant was injured, and knew of the accident within ten days after it occurred, the nature of the injury, and the place where it occurred; that on October 23, 1907, eighty-four days after the injury, appellant served the mayor of the city with a "written notice of the time, place, cause and nature of the injury to plaintiff alleged to have occurred herein, and the conditions herein set forth as existing at the date of the accident did exist at the date of said written notice and for a period of five months thereafter;" that about December, 1907, and continuously thereafter up to the time of filing the complaint, on June 6, 1908, the broken and splintered bones created a pressure upon the nerves of the leg, with inflammation and great pain of body and mind, by which he was deprived of the use of his leg, and a permanent injury was produced.

From the briefs we gather that the demurrer was sustained on account of the failure to give the notice as required by the act of 1907 (Acts 1907 p. 249, §8962 Burns 1908).

1. The title of the act and section one thereof are as follows: "An act concerning actions against cities and towns on account of injuries resulting from defective highways and bridges. Section 1. Be it enacted by the General Assembly of the State of Indiana, that no action in damages for injuries to person or property resulting from any defect in the condition of any street, alley, highway, or

bridge, shall be maintained against any city or town of this State, unless written notice containing a brief general description of the time, place, cause, and nature of such injury, shall, within sixty days thereafter, or if such defect consists of ice or snow, or both, within thirty days thereafter, be given to the clerk or mayor or the board of trustees of such city or town."

Appellant contends that under article 4, §19, of the state Constitution, the act is void as to "streets and alleys," because the title thereof refers only to "highways and bridges." Upon this proposition it is to be observed that the term "highways" is a generic term, and includes streets, alleys and other public ways, and as disclosed by the title and the body of the act, as referring to "highways" in cities and towns, the term is broad enough to include streets and alleys, for they are distinctive highways of cities and towns, as distinguished from rural highways. *Strange* v. *Board, etc.* (1910), 173 Ind. 640, and cases cited; *City of Indianapolis* v. *Higgins* (1895), 141 Ind. 1, and cases cited; *Board, etc.*, v. *Castetter* (1893), 7 Ind. App. 309, 314; *Southern Kan. R. Co.* v. *Oklahoma City* (1902), 12 Okla. 82, 69 Pac. 1050; *Abbott* v. *City of Duluth* (1900), 104 Fed. 833, 837; *State* v. *Cowan* (1847), 29 N. C. 239, 248; *Harding* v. *Inhabitants of Medway* (1845), 51 Mass. 465; *Jenkins* v. *Chicago, etc., R. Co.* (1887), 27 Mo. App. 578, 583; *Parsons* v. *City and County of San Francisco* (1863), 23 Cal. 462, 463; Elliott, Roads and Sts. (2d ed.) §§1, 19, 453.

So while a street is distinctively a public highway, a public highway is not necessarily a street. *Strange* v. *Board, etc.*, *supra; Island Coal Co.* v. *Greenwood* (1898), 151 Ind. 476; *Tucker* v. *Conrad* (1885), 103 Ind. 349; *Common Council, etc.*, v. *Croas* (1855), 7 Ind. 9; Elliott, Roads and Sts. (2d ed.) §§7, 19. .

The term street, in its ordinary acceptation, includes sidewalks, unless it is associated with language restricting its meaning, as is not uncommon in provisions for improving streets, as distinguished from sidewalks, and *vice versa. Dooley* v. *Town of Sullivan* (1887), 112

Ind. 451, 2 Am. St. 209; *City of Kokomo* v. *Mahan* (1885), 100 Ind. 242; *State* v. *Berdetta* (1880), 73 Ind. 185, 38 Am. Rep. 117.

The question as to whether the act contravenes article 4, §19, of the Constitution, was disposed of in *City of Franklin* v. *Smith* (1911), *ante*, 236. The title of the act therefore embraces streets and alleys.

It is next urged that the act is in violation of article 4, §22, of the state Constitution, which provides that "the General Assembly shall not pass local or special laws in any of the following enumerated cases, that is to say: * * * Regulating the practice in courts of justice," for the reason that it provides a different mode of procedure in actions for damages against cities and towns, than in case of actions against other public corporations, and the time in which to bring an action, if against a city or town, is shortened. As to the last proposition, it is quite clear that the period of limitation for bringing such action is not shortened, or in any wise different from that in case of any other action of like character. The cause of action accrues at the time of the injury. The provision for notice is only a condition precedent to the right of action. The liability of municipal corporations for injuries from defective streets is implied from the legislative imposition upon them, to keep their streets in repair, and the legislature may limit or remove such liability entirely. One who seeks the benefit of a statute must bring himself within its provisions. *Touhey* v. *City of Decatur* (1911), *ante*, 98, and cases cited.

The act in nowise conflicts with the constitutional provision as to regulating the practice in courts of justice. The act has nothing to do with the practice, but simply creates a condition precedent to the right to maintain the action; that is, the legislature having imposed liability upon certain municipal corporations, limits the right to enforce a liability upon condition of giving the required notice, and the general practice as such obtains in every particular.

It is finally urged that the act is in violation of article 1, §23, of the Constitution, prohibiting the granting of privileges and immunities. This question was disposed of adversely to appellant, in the cases of *Touhey* v. *City of Decatur, supra,* and *City of Franklin* v. *Smith, supra.*

5.

The failure to give the statutory notice precludes a right to maintain this action. Actual knowledge by a member of the common council does not dispense with the statutory notice. *Touhey* v. *City of Decatur, supra.*

6.

The court did not err in sustaining the demurrer to the complaint, and the judgment is affirmed.