## CITY OF LINTON *v.* MADDOX.

[No. 10,854.   Filed April 28, 1921.]

1. MUNICIPAL CORPORATIONS.—*Personal Injuries.—Contributory Negligence.—Burden of Proof.—Statute.*—Under §362 Burns 1914, Acts 1899 p. 58, relating to the defense of contributory negligence in actions to recover for personal injuries, if plaintiff's evidence does not show contributory negligence on the part of the person injured, the defendant must establish such negligence by a preponderance of the evidence in order to defeat a recovery. (City of Bluffton v. McAfee [1894], 12 Ind. App. 490, explained.)   p. 452.

2. APPEAL.—*Review.—Verdict.—Conclusiveness.*—A verdict supported by some evidence will not be disturbed on appeal, it being the province of the jury to weigh the testimony.   p. 452.

3. MUNICIPAL CORPORATIONS. — *Personal Injuries. — Assumed Risk.—Contributory Negligence.*—The term "assumed risk" is rightly applicable only when the relation of master and servant exists, so that a pedestrian injured by a fall on an icy sidewalk cannot be deemed to have assumed the risk of injury, as the question is one of her contributory negligence.   p. 452.

4. MUNICIPAL CORPORATIONS. — *Personal Injuries. — Defective Sidewalks.—Contributory Negligence.*—Though a pedestrian

knew that a sidewalk was icy and that it was dangerous to attempt to walk thereon, she was not required, as a matter of law, to avoid the use of the walk, but was merely bound to use care proportionate ·to the known danger; hence, she cannot be deemed guilty of negligence because she used an ice-covered sidewalk instead of a pathway at the edge thereof, there being no evidence as to the condition of the pathway. p. 453.

5.   MUNICIPAL CORPORATIONS.—*Defective Sidewalks.*— *Personal Injuries.—Contributory Negligence.*—A person is not debarred from using a sidewalk simply because he happens to know that it is in a dangerous condition, unless the danger is such that a reasonably prudent person, knowing its condition, would not attempt to use it. p. 454.

6.   APPEAL.—*Review.—Instructions.*—Appellant cannot complain of error in the giving of an instruction, where such instruction was unduly favorable to it. p. 454.

From Monroe Circuit Court; *Robert W. Miers,* Judge.

Action by Stella Maddox against the City of Linton. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Henry Bordenet* and *Miller & Blair,* for appellant.

*William L. Slinkard, Will R. Vosloh* and *Curtis C. Hendren,* for appellee.

ENLOE, J.—This was an action by appellee to recover damages for personal injuries alleged to have been sustained, as a result of a fall upon an ice-covered sidewalk in the city of Linton.

The complaint, which was in two paragraphs, was answered by a general denial, and the issues thus formed were submitted to a jury for trial, resulting in a verdict for the appellee in the sum of $1,500, upon which the court rendered judgment.

The appellant's motion for a new trial having been overruled, it now prosecutes this appeal and has assigned as error the overruling of its said motion.

The evidence in this case is practically without conflict. A portion of the sidewalk in appellant city had

become out of repair, and had so remained for a considerable length of time, with the knowledge of the city authorities. The sidewalk in question was constructed of cement. At the place in question, teams and wagons had been crossing it, as a way of ingress to a planing mill, and portions of the "top dressing" of said sidewalk had, as testified by the street commissioner of said city, broken loose and become displaced, leaving depressions in which the water collected. The testimony also shows that the sidewalk was, at this point, lower than the earth on either side, and that the water was thereby caused to collect on the sidewalk at said point; that at the time in question, water that had collected on said sidewalk at said place was frozen. On the evening of January 6, 1918, at about 6:30, the appellee left the place where she was working to go up-town, and then passed over the portion of the sidewalk in question. She remained up-town only a few minutes and started to return to her home. It was then snowing, and by the time she returned home the ground was practically covered with snow, and in crossing the portion of the sidewalk in question, she slipped on the ice and fell heavily to the ground, whereby she sustained the injuries complained of.

The appellant insists, that as appellee knew, at and before the time she was injured, of the icy condition of the sidewalk where she was injured, in time to have avoided the ice, she could have used a safe "path" along the edge of the sidewalk and have thereby avoided the injury; that she was guilty of contributory negligence; that she assumed the risk which brought about her injury; and that there is no evidence in the record tending to show that, at the time she was injured, she was exercising due care for her own safety.

In support of this last contention the appellant cites the case of *City of Bluffton* v. *McAfee* (1895), 12 Ind.

App. 490, 40 N. E. 549. The case cited is not 1. now an authority upon the point in question. As the law stood, at the time that case was decided, the burden was upon the plaintiff to establish freedom from contributory negligence. In the Bluffton case, *supra,* a special verdict was returned by the jury, and they, in that case, found the plaintiff therein was, at the time she was injured, "walking slowly," and this court in passing upon the matter presented to them in that case said that this was not a sufficient finding to show due care on the part of the plaintiff. Section 362 Burns 1914, Acts 1899 p. 58, which became a law February 17, 1899, changed the proof in this matter, and under the law as it now stands, if the evidence on behalf of the plaintiff does not show contributory negligence on the part of the injured person, then the defendant must establish such negligence by a preponderance of the evidence, in order that such negligence shall defeat a recovery. *Southern Ind. R. Co.* v. *Peyton* (1901), 157 Ind. 690, 61 N. E. 722; *Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413, 73 N. E. 899. The appellee was the only person who testified concerning the care she was using at the time she fell. She testified that she was walking over the place in question "very 2. carefully." The jury by its verdict in her favor have found that she was, at the time in question, using due care, and we cannot disturb their verdict, on this matter, as it was their province to weigh and consider the testimony and pass upon all the facts involved.

Appellant next insists that as appellee knew the condition of the sidewalk at the place in question—knew that the pavement was covered with ice—she 3. could have avoided it by using a path at the edge of the walk, and having failed to do so, she assumed the risk which brought about her injury.

Counsel do not make a correct application of the term "assumed risk." That term is rightly applicable only when the relation of master and servant exists. It is the result of a contract of hiring between the parties. 1 Words and Phrases 589, and authorities there cited. As between the parties to this suit it was a question of appellee's negligence, not of assumed risk.

The evidence shows that the sidewalk at the place in question had, prior to the time of the accident, in rainy weather, been frequently covered with water, and appellee testified that before the day in question, when said place was covered with water, she had frequently, in going to town, gone around the water, by walking on the earth at the edge of the sidewalk, which earth was higher than the sidewalk.

As to the weather conditions at the time of her injury there was testimony that it had been raining, had turned cold and the water on the ground had become frozen, and that it then began to snow. No testimony in the record has been called to our attention, which discloses the condition of said "path" along said sidewalk, on the night in question, as to whether the same was covered with ice or not. There is nothing in this record, which we have been able to discover, which would lead us to believe that, on the night in question, said "path" furnished a way for the appellee upon which to walk, which was any safer than was the sidewalk which she attempted to use. The fact that the sidewalk at the place in question was at the time dangerous to pedestrians attempting to walk thereon, and that appellee knew of such condition, did not, as a matter of law, require that she avoid the use of said sidewalk. The law simply required of her that she use reasonable care—care proportionate to the known danger. *City of Huntingburg* v. *First* (1896), 15 Ind. App. 552, 43 N. E. 17.

The appellant also complains of instruction No. 5 given at the request of appellee. This instruction told the jury that the appellee was not required to step off the sidewalk, or not walk thereon, unless she at the time knew that it was in a dangerous condition. The instruction was not strictly correct. A person is not debarred from using a sidewalk simply because he happens to know it is in a dangerous condition, unless it is in such a condition that a reasonably prudent person, knowing its condition, would not attempt to use the same. *City of Huntingburg* v. *First, supra.* The said instruction was more favorable to the appellant than it had a right to demand, and it cannot complain of any error in giving the same.

We find no reversible error in this record. The judgment is affirmed.