## JOHNSON *v.* CITY OF EVANSVILLE.

[No. 14,278. Filed March 30, 1932. Rehearing denied July 27, 1932. Transfer denied January 2, 1933.]

*Charles M. LaFollette,* for appellant.
*Val Nolan,* for appellee.

CURTIS, J.—This was an action brought by the appellant against the appellee, city of Evansville, to recover damages for personal injuries alleged to have been received in a fall upon ice in an alley located within said

city. The complaint was in one paragraph, to which the appellee filed a demurrer for want of sufficient facts, which was sustained and an exception taken by the appellant who refused to plead further. Judgment was entered for the appellee from which judgment this appeal was prayed and perfected.

The only error assigned and relied upon for reversal is the action of the court in its ruling upon the demurrer.

The salient parts of the complaint are: That Main Street is a public street within said city; that Southeast First Street and Southeast Riverside Drive are parallel streets intersecting Main Street at right angles one block apart between which and also running parallel with them is the alley in question which also intersects Main Street at right angles; that the grade of said alley is such as that at its mouth, intersecting Main Street, the surface of same forms a part of the sidewalk along Main Street and is used by pedestrians in going along Main Street between the two other named streets; that said Main Street slopes precipitately, at the point of intersection with said alley, towards Southeast Riverside Drive and is so constructed as to permit the drainage of the surface waters of said alley and street under normal circumstances along the south curb line of said street towards Southeast Riverside Drive; that from the 16th to the 21st days of January, 1930, there was a total snow fall in said city of approximately 6 inches; that between the 16th and 31st days of said month there were but 6 days during which the temperature at any time rose above freezing; that from the 1st to the 3d day of February following, the temperature rose each day above freezing; that during all of said time the said city made no attempt to remove the accumulation of snow and ice from either Main Street or said alley; that during said time the property owners on the south side of Main Street swept the snow and ice from off their

sidewalks and piled the same and permitted the same to collect in the gutter of Main Street on the south side thereof immediately adjacent to said curb; that said snow and ice remained in said gutter for at least 13 days from the last of said snowfall in the month of January, and was not removed by said city prior to February 3, 1930; that the collection and accumulation of snow and ice swept from said sidewalks together with that which fell upon said street so collected in and clogged the said gutter as to render the natural drain of the surface water from said street and alley towards Southeast Riverside Drive impossible, and that the water was dammed up and held in said alley for at least 13 days; that during said time said snow and ice would at times slightly melt and become slush and would then be stepped into by passers on said street and across said alley and would then freeze and collect and accumulate in a roughened and dangerous condition for pedestrians upon the south side of Main Street and across said alley where used by pedestrians; that due to the location and height of certain buildings at the place where said alley intersects Main Street a shadow during all but a few of the daylight hours was cast upon said place which greatly retarded the natural melting of said snow and ice in the street, alley, and gutter, all of which facts were well known to said city; that the physical conditions at said place had existed for a number of years and that said city knew or should have known that if said snow and ice were not removed from said gutter that they would retard the flow of melting surface water from said alley and would permit the formation of ice over a long period of time upon said alley; that the plaintiff lived on the south side of Main Street at said time, between the points where said alley and Southeast Riverside Drive intersect Main Street; that early in the morning, on February 3, 1930, she left her residence

with her husband to get her husband's motor vehicle and that in order to reach the public garage to get said car it was necessary to go in a general easterly direction on Main Street toward Southeast First Street and across the aforesaid alley; that she knew of the existence of the ice in said alley and approached in a careful and prudent manner leaning upon the arm of her husband as she attempted to cross same; that she slipped upon the roughened ice and slush then remaining, which was in a strip about 3 feet wide down the center of said alley which was 12 feet wide and fell, causing the injuries complained of; that the plaintiff had no other way by which to reach the said garage to which she was going that was less dangerous than to cross said ice in said alley; that her injuries were solely and proximately caused by the existence of said ice and slush in said alley and that the same had been negligently permitted to accumulate by said city; and that on the 18th day of February, 1930, she served notice on said city, by serving same upon the mayor, of the time, place, cause, and the nature of her said injuries. A copy of the notice was made a part of the complaint, as Exhibit A. Due to the fact that the sufficiency of the notice is questioned we set the same out verbatim as follows:

"To the City of Evansville, Vanderburgh County, Indiana:

To the Honorable Frank W. Griese, Mayor of said City of Evansville, Vanderburgh County, Indiana.

Most Honorable Sir:

You are hereby notified that on the 3d day of February, 1930, between the hours of 5 and 6 A. M. of said day, I was injured by a fall upon ice, which ice was located in the alley on the south side of Main Street in the city of Evansville, Vanderburgh County, Indiana, which intersects said street between Southeast First Street and Southeast Riverside Drive and runs parallel

with both of said streets. Said ice was located in that part of the alley lying between an imaginary line extended across said alley in line with the building line of the buildings on the south side of said Main Street and an imaginary line extended across said alley in line with the curb line on the south side of said street and lay in a strip about two (2) to three (3) feet wide down the center of said alley in the above described area and at right angles to and across the sidewalks on the south side of the said Main Street.

My injuries consisted of a fracture of the fibula of the left leg just above the ankle, a torn and wrenched left ankle and injuries to my back and side, the extent of which is not definitely known by me at this time.

Respectfully,

Mrs. Frances Johnson.

This 18th day of February, 1930.

. I hereby acknowledge the receipt of the foregoing notice in person at my office in the city hall in the city of Evansville, Vanderburgh County, Indiana, this 18th day of February, 1930.

(Signed)   F. W. Griese,

Mayor of the City of Evansville,

Vanderburgh County, Indiana."

The demurrer for want of sufficient facts filed by the appellee has the following memorandum:   (1) Plaintiff's complaint does not show that plaintiff's alleged injuries were due to the negligence of the defendant.   (2) Plaintiff's complaint affirmatively shows that defendant was not guilty of any negligence which was the proximate cause of the alleged injuries to plaintiff.   (3) Plaintiff's complaint does not show an act or omission of defendant that affords a ground of recovery for negligence.   (4) Plaintiff's complaint affirmatively shows that plaintiff was was guilty of such contributory negligence as would preclude recovery.   (5) Plaintiff's com-

plaint affirmatively shows that the plaintiff failed to give written notice to defendant containing a brief general description of the cause of her injuries as required by Sec. 11230 of Burns Annotated Indiana Statutes, Revision of 1926.

From the detailed description of the exact place of the accident, contained in the notice which is made a part of the complaint, it becomes apparent that a more correct general statement as to the location thereof is, that it was on the sidewalk on the south side of Main Street at the point where said sidewalk would be crossed by an imaginary projection of said alley across the same. The grade or floor of the alley at the place was the same as the sidewalk. The ice upon which the appellant fell is alleged to have been a strip or ribbon 2 or 3 feet wide near the center of the alley as projected. The alley is alleged to be 12 feet wide and so graded that it would drain onto Main Street at the place, which in turn was so graded as that it drained precipitately along the south curb and gutter thereof toward Southeast Riverside Drive.

Do the allegations of the complaint show such a condition of the street at the place of the accident as will require this court as a matter of law to say that actionable negligence of the city is alleged? We do not believe they do. An evident attempt has been made by the pleader to bring the case within the rules laid down in the Indiana decisions and particularly within the rules of law as announced in *City of Linton* v. *Jones* (1921), 75 Ind. App. 320, 130 N. E. 541, 542; *City of Muncie* v. *Hey* (1905), 164 Ind. 570, 74 N. E. 250; *City of Linton* v. *Maddox* (1921), 75 Ind. App. 449, 130 N. E. 810; *McQueen* v. *City of Elkhart* (1895), 14 Ind. App. 671, 43 N. E. 460, 461.

We believe that the general rules of law governing this case have been announced in our own decisions and

that it will not be necessary to go to the other states in search of the law that is applicable.

Generally speaking it may be said that cities in Indiana are bound to maintain their streets and sidewalks in a reasonably safe condition for the use of travelers, so that those who use them in a proper manner and while exercising ordinary care may not be injured thereon, but a city is by no means an insurer against accidents. In *McQueen* v. *City of Elkhart, supra,* it was said: "There are, and must be, more or less inequalities and defects in every street and sidewalk, and good engineering requires that they be built with certain grades and slopes. These inequalities or slight defects, as well as the grades and slopes, make the streets and sidewalks imperfect, and may cause the traveler either to stub his toe or to slip and fall; and yet their existence, because necessary in one instance and in the other impossible to avoid, does not make the street or sidewalk unsafe in the sense that the city shall be liable for injury resulting therefrom. So, when it is said that it is the duty of a city to maintain its streets and sidewalks in a reasonably safe condition for use by the traveler, it is not meant that their surface shall be kept free from all irregularities or other trifling defects; but its duty is performed if it subjects the traveler, in using them, to no greater risks than are naturally attendant upon their use when free from unnecessary or unavoidable irregularities, defects, or inequalities." In *City of Linton* v. *Jones, supra,* we find the following: "The general rule as to the liability of cities for injuries caused by the presence of snow or ice on the sidewalks thereof, as gathered from the best-reasoned decisions, seems to be that, while a city is not liable for injuries arising from a general slippery condition of a sidewalk, made so from an accumulation of snow and ice through natural causes,

nevertheless liability may exist where such snow and ice has been so changed in form from its original condition as to become an obstruction to travel by reason of being rough and uneven." In the last above case the sidewalks had been covered with ice by natural causes to a thickness of about 3 inches, which had been cut out in places by shovels, leaving same "bumpy" and slick by being "glazed over," and in this respect the ice had been changed in form from its original condition and the city was held liable. In *City of Muncie* v. *Hey, supra,* the city was held liable where it was shown that the municipality had permitted ice to accumulate and remain upon one of its sidewalks by reason of water collected upon the roof of an adjoining building being wrongfully cast upon the sidewalk by an overhanging and projecting conductor. In the *City of Linton* v. *Maddox, supra,* the evidence showed that the sidewalks had become out of repair and had so remained for a considerable length of time with the knowledge of the city, and had been crossed by teams and wagons, and the top dressing had been broken loose and had become displaced, leaving depressions in which water had collected and frozen over. The city was held liable. Again in *McQueen* v. *The City of Elkhart, supra,* it was said: "The mere fact of snow falling thereon (sidewalk) and melting, and then freezing and making it slippery, would not create a liability on appellee's part for an injury to one slipping and falling thereon. The city is not answerable for the fall of snow, and we know of no holding in this state which imposes upon a city the duty of removing from its streets and sidewalks all snow that falls or ice that forms thereon."

Under the allegations of the complaint there is not shown to have been any snow or water cast upon the place of the accident, except from natural causes, and there is a total lack of any allegations

that the snow and ice at said place was in any different form than it was when placed there by nature save and except such change as was made by pedestrians walking in it when it was slushy and freezing in such condition thereafter. We think the allegations of the complaint fall short of showing actionable negligence of the appellee.

The sufficiency of the notice is also questioned by the demurrer, but it becomes unnecessary to decide that question. Should a retrial of the case be necessary we may say that in our opinion the notice appears to be sufficient.

We believe that the demurrer was correctly sustained, and therefore we find no reversible error.

Judgment affirmed.