CITY OF INDIANAPOLIS *v.* ULAND.

[No. 26,923. Filed November 5, 1937.]

*James E. Deery, Floyd J. Mattice, Michael B. Reddington* and *Edgar M. Blessing,* for appellant.

*William H. Faust, Irene Faust* and *Otis E. Gulley,* for appellee.

TREMAIN, J.—This cause was transferred to the Supreme Court by the Appellate Court, October 13, 1937, pursuant to Section 4-209 Burns' Ind. St. 1933, §1364 Baldwin's 1934.

The appellee filed her complaint against the City of Indianapolis and David and Mary Rathfon to recover damages on account of injuries sustained from falling upon an alleged defective sidewalk. It is alleged that the individual defendants owned a lot abutting on Orange Street in the city of Indianapolis; that on the 13th day of February, 1933, and for a long time prior thereto, a dwelling was located on said lot; that a cement sidewalk extended along and in front of the lot; that the lot was terraced back from the sidewalk to the height of two feet; that for many years prior thereto water from the roof of the dwelling had been collected in a downspout, which emptied into an underground drain, which carried the water to the sidewalk in such way as to form

a pool, in the language of the complaint, "making said sidewalk slick and dangerous to walk upon; which pool of water, in freezing and thawing weather, formed a sheet of ice across said sidewalk, to wit: two feet wide, which in turn was concealed by the water pouring from said drain to a depth of, to wit: two inches, which concealed said layer of ice, thus making a dangerous obstruction to the use of said sidewalk at that point."

It is alleged that said condition was in existence on, and several days prior to, the 13th day of February, 1933; that on said date the plaintiff was walking on said sidewalk, "when she slipped upon said ice," and by reason thereof fell and fractured her ankle. She further alleged that on the 5th day of April, 1933, she served a written notice upon the City of Indianapolis of the time, place, and cause of her injuries, together with a description thereof, a copy of which notice was made part of the complaint and marked "Exhibit A."

The notice recited the facts by the use of the following language: ". . . that said water was poured upon said sidewalk in such a way as to form a pool thereon, which in freezing and thawing weather, formed a sheet of ice across said sidewalk, to wit: two feet in width, *thus* making a dangerous obstruction to the use of said sidewalk at that point." That the plaintiff was passing along the sidewalk between the hours of four and five o'clock P. M., "when she slipped upon said ice which at the time was hidden by water," and sustained injuries.

To this complaint the appellant, City of Indianapolis, filed its separate demurrer upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The memorandum to the demurrer points out that the notice embodied in the complaint was not served upon the city within thirty days from the time the injury was sustained; that the statute requires a notice to be given within thirty days, when the defect

complained of consists of snow and ice; that it is necessary to allege and prove service of such written notice as a condition precedent to the suit. The court overruled appellant's demurrer. This ruling is one of the grounds assigned for reversal of the cause.

At the time this action was filed Section 11230 Burns' R. S. 1926, since amended, was in force. It provided that no action for damages for injuries to the person, resulting from any defect in the condition of any street shall be maintained against a city unless written notice, containing a brief description of the time, place, cause, and nature of such injury, shall be given within sixty days thereafter. The statute further provided: ". . . if such defect consists of ice or snow or both, within thirty days thereafter," a notice in writing shall be given to the city.

It is disclosed by the complaint that the notice was given fifty-one days after the injury was sustained. The appellant contends that such notice should have been given within thirty days. The appellee says that she had sixty days within which to give the notice. The appellee's position, as stated in her brief, is that her "complaint is not brought for failure of appellant to remove snow, sleet, and ice accumulated in a natural way, but for failure of the appellant to prevent or abate a nuisance, caused by the fact that water was collected, confined in an artificial channel, and by means of a projecting tile conductor cast in a body upon the sidewalk." On the other hand, the appellant contends that it is apparent from the allegations of the complaint that it is drawn upon the theory that the city negligently permitted ice to accumulate upon the sidewalk, which caused the appellee to fall and thereby to sustain injuries.

The complaint is in a single paragraph. The prayer is: "That by reason of the premises this plaintiff has

been damaged in the sum of ten thousand dollars ($10,000.00)," wherefore, she demands judgment for that amount.

There is no allegation or prayer that a nuisance be abated. It seems clear that the cause of action pleaded was one for damages only, based upon the negligence of the city in permitting a sheet of ice to be formed across the sidewalk. If all the allegations concerning the ice should be eliminated from the complaint it would not state a cause of action. It is not alleged that the drain extended onto the sidewalk, nor that the appellee stumbled or fell over the tile conductor or other defect or obstruction in the street. No defects in the sidewalk of any nature or kind are described in the complaint, except the defect caused by ice. In other words, the complaint does not give a description of the sidewalk or any part thereof indicating a defective condition; no rough or irregular parts of the sidewalk are described. The nearest the complaint approaches an indication that there might be a depression in the sidewalk is the statement that water formed a pool thereon. What caused the water to stand in a pool is unknown from the allegations of the complaint.

The appellee does affirmatively state in her complaint that she "slipped upon said ice." It is reasonable, therefore, to conclude that the ice was the defect which caused her injury. Evidently she regarded the ice as the proximate cause of the injury. According to the allegations of the complaint, the downspout and the underground drain had been in existence for many years upon the property of the defendants, David and Mary Rathfon. (The cause of action was dismissed as to these defendants at the time of the trial.) The appellee emphasizes the fact that the city had either actual or constructive notice of the existence of the underground drain by reason of its long existence. It is not alleged that the drain

was visible from the sidewalk. No facts are alleged in the complaint showing such knowledge, even if knowledge of that nature were important or controlling in this action.

The statute controlling in this case has been before this and the Appellate Court many times. It is unnecessary to cite all of the decisions upon the various phases and applications of its provisions. In the first place, it has been settled by the courts of this state that the provisions of the statute are mandatory, and the giving of the notice is a condition precedent to the right to maintain the action; that facts showing the giving of the notice must be alleged in the complaint or it will be held insufficient upon demurrer. *Touhey* v. *City of Decatur* (1911), 175 Ind. 98, 102, 93 N. E. 540, announces the rule that:

"It is well settled that when anyone seeks the benefit of a statute, or to enforce a statutory right or liability, he must, by allegation and proof, bring himself clearly within its provisions."

This authority further holds that the fact that the city may have had full and detailed notice from newspaper accounts or other sources concerning the alleged condition of the sidewalk, or the injury sustained by the pedestrian, "did not dispense with the necessity of giving the notice in writing required by said section. Appellant's right to maintain an action must be determined from the sufficiency of his notice, and not by the fact that appellee obtained from other sources full knowledge of the time, place, cause and nature of the injury."

Some of the authorities adhering to the principles announced above are: *Peoples* v. *City of Valparaiso* (1912), 178 Ind. 673, 100 N. E. 70; *Gribben* v. *City of Franklin* (1911), 175 Ind. 500, 94 N. E. 757; *Blair* v. *City of Fort Wayne* (1912), 51 Ind. App. 652, 98 N. E. 736; *City of Rushville* v. *Morrow* (1913), 54 Ind. App.

538, 101 N. E. 659; *Johnson* v. *City of Evansville* (1933), 95 Ind. App. 417, 180 N. E. 600; *City of Linton* v. *Maddox* (1921), 75 Ind. App. 449, 130 N. E. 810; *Burns* v. *City of Boston* (1928), 262 Mass. 369, 160 N. E. 248.

The appellee relies chiefly upon *City of Muncie* v. *Hey* (1905), 164 Ind. 570, 74 N. E. 250. In that case an overhanging downspout or water conductor was permitted by the city, at the direction of the city engineer, to be so constructed as to permit water to fall directly upon the sidewalk. It froze into ice, upon which a pedestrian slipped and fell, and, in an action for damages, the city was held liable. The Hey case settles nothing as to the statutory notice to the city, for the reason that that case was tried at a time when there was no statute in this state requiring the plaintiff, as a condition precedent, to serve notice upon the city. The statute here in question was not enacted until 1907. The injuries complained of in the Hey case occurred in 1902. Suppose the statute involved in the instant case had been in force at the time the injuries were sustained in the Hey case, would it be questioned that the statutory notice was a condition precedent to the filing of the complaint? Under many decisions it is clearly and finally determined that a  suit cannot be maintained without service of such notice. If at the time the appellee in the instant case sustained her injuries there had been no statute requiring notice to be served upon the city, then the question here presented by the demurrer would be unavailing to the appellant.

In holding this statute constitutional, this court, in *Gribben* v. *City of Franklin, supra,* a similar case, made use of the following language (p. 503) :

"The cause of action accrues at the time of the injury. The provision for notice is only a condition precedent to the right of action. The liability of

municipal corporations for injuries from defective streets is implied from the legislative imposition upon them, to keep their streets in repair, and the legislature may limit or remove such liability entirely. One who seeks the benefit of a statute must bring himself within its provisions."

In *City of Franklin* v. *Smith* (1911), 175 Ind. 236, 240, 241, 93 N. E. 993, in common with many other decisions in this state, it was held:

"That it is not enough for a complaint, in such a case as this, to charge the defendant with negligent acts or omissions, without the further charge that such negligence was the proximate cause of the injury, to be sufficient to repel a demurrer, is settled beyond all possible controversy. . . .

" 'To render the appellant liable it was necessary to show, in the complaint, by the averment of issuable facts, a wrong on the part of the appellant and damage to the appellee, and that the wrong was the proximate cause of the damage. . . .'

"The proximate cause of appellee's injury was whatever 'precipitated him violently to the sidewalk.' "

In the instant case it was the ice that precipitated the appellee to the sidewalk. Without it she would not have fallen. It would be far-fetched to assert that the downspout and underground drain, located upon the abutting lot, not alleged in the complaint to be visible, nor to extend to the sidewalk, were the immediate proximate cause of appellee's injuries.

The liability of the city in the first instance is statutory. Section 11230, *supra*, constitutes a limitation upon that liability. One asking the benefit of the statute must show that he is within its provisions, including that requiring the notice. Since it is apparent from the allegations of the complaint that the appellee's injuries were sustained by reason of being precipitated to the sidewalk because of the ice upon which she stepped, and no other theory can reasonably

be attributed thereto, it must be held that the statute required the appellee to give to the city notice of her injuries within thirty days from the time they were sustained. The complaint affirmatively shows that she did not do this. The complaint is not sufficient on demurrer. It does not matter how the ice was formed upon the street, whether from natural or artificial causes. The statute makes no distinction but requires the notice in all cases—sixty days if injury is caused by a defect in the street other than ice or snow, when it must be given within thirty days. Appellee cannot now escape the effect of the thirty-day notice requirement by asserting that appellant is liable for its failure to abate a nuisance. The tile drain was not in itself a defect independent of the icy condition.

For the error of the court in overruling appellant's demurrer the cause is reversed.