## City of Evansville *v.* Christy.

[No. 3,612.   Filed April 30, 1902.]

CONTRIBUTORY NEGLIGENCE.—*Personal Injuries.*—*Burden of Proof.*—Section 359a Burns 1901 makes contributory negligence a matter of defense in an action for personal injury, and places upon the defendant the burden of proving such contributory negligence. *pp. 46, 47.*

SAME.—*Personal Injuries.*—*Defective Sidewalk.*—A recovery can not be had for personal injuries caused by a defective sidewalk, where plaintiff had knowledge of the defect and took no precaution to avoid injury.   *pp. 47, 48.*

SAME.—*Question of Law.*—Where the facts are undisputed and lead to but one conclusion as to the question of plaintiff's negligence in an action for personal injuries, it is the duty of the court to declare as a question of law whether there was or was not negligence.   *p. 49.*

From Vanderburgh Superior Court; *J. H. Foster,* Judge.

Action by Mary E. Christy against the city of Evansville for damages for personal injuries sustained because of a defective sidewalk. From a judgment for plaintiff, defendant appeals. *Reversed.*

*D. C. Givens,* for appellant.

*G. A. Cunningham,* for appellee.

WILEY, J.—Action by appellee against appellant to recover damages alleged to have been sustained by reason of a defective sidewalk. Trial by jury; verdict and judgment for appellee; motion for a new trial overruled. The only question discussed by counsel for appellant is the sufficiency of the evidence to sustain the verdict. The evidence shows that appellee lived on Williams street in appellant city; that it was a public street, and used generally for travel. Appellee was about seventy years old, and in going from her home to the business portion of the city the most convenient route was to travel along this street. At a certain point on the street, the sidewalks of which were paved with brick, the bricks had become loose, many of them had been removed, and there was a slight depression below the surface. The space where the bricks were loose, and many of them had been removed, was five to seven feet square, and extended out to the curb. Next to the property line the sidewalk was in good condition for a width of about three or four feet at the time of the accident. The defect in the sidewalk had existed for five or six years. For a number of years prior to the date of appellee's injury she had passed over this sidewalk, and over the defect in it, two or three times a week. She was familiar with the street, and knew of the defect. On the afternoon of November 27, 1899, appellee had left her home, and passed over and along Williams street to the business portion of the city. She visited a store, made some purchases, and at five o'clock started home. She passed down Main street, and when she reached Williams street she crossed to the north side, for the reason that the sidewalk on the south side, where she lived, was

badly out of repair. By the time she reached the defect in the sidewalk where the injury occurred, it was so dark she could not see it, nor the loose brick therein. She was alone, and her evidence of the manner in which she was injured is the only evidence upon that point, for no one saw the accident. There were no street lights burning at or near that point.

In her account of the accident she testified that she was walking carefully; that, in passing over the defect in the pavement, she stumbled on the bricks, and fell. On cross-examination she testified that the defect in the sidewalk had been there for five or six years; that she saw it every time she passed over it, and that she never paid any attention to it. She was asked and she answered the following questions: "When you were going out there that evening to go home, did you look for it?" She answered: "I wasn't thinking about it; I was just going along,—going home. It was dark." "Did you look or didn't you look?" To which she answered: "I didn't look for it, because I wasn't expecting it."

It is not contended that appellant was not negligent in permitting the sidewalk to be and remain in the condition it was for so long a period, but it is urged that appellee is not entitled to recover, because her own evidence shows that she was guilty of negligence contributing to her injury. It is conceded by the appellant that the judgment must stand unless the record shows that appellee is not entitled to recover on account of her own negligence.

Under the act of February 17, 1899, it was not necessary for appellee to allege or prove that she was free from negligence, for that act makes contributory negligence a matter of defense in actions of this character, and places the *onus* of proving such contributory negligence upon the defendant. §359a Burns 1901. Appellant did not introduce any evidence to prove that appellee was guilty of contributory negligence, yet it does not necessarily follow that

the record fails to show such negligence. If the plaintiff's own evidence establishes such a state of facts that there is but one conclusion to be deduced therefrom, then it is a question of law for the court to say whether or not she was guilty of contributory negligence. To state the proposition in plainer terms: If the plaintiff's own evidence shows that she was guilty of contributory negligence, that is sufficient to preclude a recovery. In this case, therefore, we must decide the question solely upon the evidence of the appellee.

The initial proposition in the case is that she knew of the defect, and had known of it for many years. She had passed over it many times. She is therefore chargeable with notice. The fact that the sidewalk was out of repair was no reason why appellee was bound to forego traveling upon it. *Town of Gosport* v. *Evans,* 112 Ind. 133, 2 Am. St. 164. She had a right to use the street, but, with a knowledge of the defect, she was required to use care commensurate with the known danger.

But appellee stated that she was walking "carefully", but that is not sufficient to establish that she was acting with ordinary care for her own safety. *Town of Boswell* v. *Wakley,* 149 Ind. 64. She also testified that while she knew the defect was in the sidewalk, she never paid any attention to it; that she did not look for it; that she wasn't thinking about it; and that she was just going along home. These facts show that she was not exercising due care for her own safety.

There was a perfectly safe way next to the property line for foot passengers to travel, for it is shown that for a space of about three or four feet the bricks in the sidewalk were in their proper place, and level. This is ample space for a foot passenger, so the evidence here discloses a condition very similar to the case of *Town of Gosport* v. *Evans, supra.* There is, however, this difference: The appellee in that case knew of the defect in the sidewalk, knew she was passing over it, and was trying to avoid danger. She testified that

she knew of the defect and could see it, but thought she could pass it in safety. She knew that on the sidewalk immediately opposite the defect, next to the fence, there was ample space for her to pass. She was walking side by side with another woman, with locked arms, and the latter was walking next to the fence, opposite the defect, while passing it.

Judge Mitchell, speaking for the court in the case last cited, said: "Thus it appears that a person of mature years, and in the possession of all her faculties, deliberately walked into a place which, upon her hypothesis of the case, was one of known danger, and which she could have avoided by simply disengaging herself and following in the footsteps of her friend." In the same case it was further said: "One who knows of a dangerous obstruction in a street or sidewalk, and yet attempts to pass it when, on account of darkness or other hindering causes, he can not see so as to avoid it, takes the risk upon himself. For a much greater reason does he take the risk upon himself, if, seeing an obstruction, and knowing its dangerous character, he deliberately goes into or upon it, when he was under no compulsion to go, or might have avoided it by going around." The conclusion reached in that case was that the plaintiff, having full knowledge of the defect, was guilty of contributory negligence in venturing upon it, "no difference how carefully she may have prepared for the encounter, nor with how much care she went upon it." The case of *Town of Boswell* v. *Wakley, supra,* is also in point.

In the case now before us it is clearly shown by the evidence of the appellee that she did not use her knowledge of the defective or unsafe condition of the sidewalk to avoid injury to herself. Under the rule declared in the Wakley case, *supra,* this omission on the part of appellee must be held to be such negligence as will preclude her recovery. See, also, *Rogers* v. *City of Bloomington,* 22 Ind. App. 601; Beach on Cont. Neg. (3d ed.), §248.

Upon the uncontradicted evidence of the appellee, the facts are undisputed, and such facts lead to but one conclusion. In such case it is the duty of the court to declare as a question of law whether there was or was not negligence. This rule is so familiar in this State that the citation of authorities is unnecessary. The facts so clearly disclose that appellee was negligent, that we must so adjudge.

Judgment reversed, and the trial court is directed to sustain appellant's motion for a new trial.