INDIANAPOLIS TRACTION AND TERMINAL COMPANY ET AL. *v.* SPRINGER, BY NEXT FRIEND.

[No. 6,970. Filed January 26, 1911.]

1. RAILROADS.—*Street.—Several Acts of Negligence.—Proof of One.—Complaint.*—A complaint alleging that defendant street railroad company negligently permitted a hole to remain between its rails in a street, that the plaintiff ran into such hole and was thrown on the car tracks; that said defendant negligently operated its car so that plaintiff was injured thereby, states two separate negligent acts, and proof of one supports a verdict in his favor. p. 38.

2. NEGLIGENCE.—*Defective Streets.—Cities.*—It is the duty of a city to use ordinary care to keep in a safe condition for ordinary travel those parts of the streets occupied by street railroad tracks. p. 39.

3. RAILROADS.—*Street.—Maintenance of Street in Safe Condition.—Statutes.*—Under §5649 Burns 1908, Acts 1899 p. 260, §2, it is the duty of a street railroad company to repair those portions of the streets occupied by its tracks, and for its neglect thereof it is liable. p. 40.

4. CONTRACTS.—*For Benefit of Third Persons.—Street Railroads.—Torts.—Parties.*—A lease requiring the lessee street railroad company to pay all contract and tort claims against the lessor company, inures to the benefit of any person having a cause of

action for personal injuries against the lessor, and such lessor is not a necessary party to the action. p. 40.

5. NEGLIGENCE.—*Several Acts of.*—*Street Railroads.*—*Interrogatories.*—In an action by a bicyclist against a street railroad company for injuries alleged to have been caused by the company's negligence in maintaining a hole in the street between the rails in its track and in operating its car, answers to the interrogatories to the jury showing that the company was not negligent in operating its car, do not overthrow a general verdict for the plaintiff. p. 41.

6. NEGLIGENCE.—*Proximate Cause.*—The proximate cause of an injury is that cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces such injury. p. 42.

7. NEGLIGENCE.—*Proximate Cause.*—*Defective Street.*—*Street Railroads.*—Where a hole between the rails of a street railroad company's track was negligently permitted to remain, and a bicyclist fell therein and an approaching street car struck him, such hole is the proximate cause of the injury. p. 42.

8. NEGLIGENCE.—*Street Railroads.*—*Repair of Street between Tracks.*—*Instructions.*—An instruction that it is the duty of a street railroad company to keep in a reasonably safe condition for travel that part of the street occupied by its tracks, is not erroneous. p. 42.

9. TRIAL.—*Instructions.*—*How Considered.*—Instructions should be considered as a whole and if they fairly state the law to the jury, prejudicial error is not committed. p. 42.

10. NEGLIGENCE.—*Concurrent.*—*City.*—*Street Railroads.*—*Defective Streets.*—A city cannot escape liability for injuries to a bicyclist in falling because of a hole negligently permitted to remain in the street, on the ground that his injury was caused by an approaching street car and not by the fall, since the city's negligence was a concurrent cause of the injuries. p. 43.

11. NEGLIGENCE.—*Partial Instructions Supplemented by Others.*——*Proximate Cause.*—An instruction in an action for negligence against a city, omitting the requirement that before the plaintiff can recover he must establish the city's negligence and that it was the proximate cause of his injuries, is not prejudicial, where other instructions supplied such elements. p. 43.

12. NEGLIGENCE.—*Concurrent.*—*Instructions.*—An instruction that if two or more causes combine to produce an injury, a person who is not responsible for any one thereof, and was free from fault, may recover for such injury, is correct. p. 43.

13. NEGLIGENCE. — *Instructions.* — *Omissions.* — *Supplementing by Others.*—An instruction in a negligence case, omitting essential

elements, is not objectionable, where such elements are supplied in other instructions.  p. 44.

14.  TRIAL.—*Verdict.*—*Interrogatories.*—The general verdict controls where the answers to the interrogatories are not in irreconcilable conflict therewith.  p. 44.

From Hancock Circuit Court; *Robert L. Mason,* Judge.

Action by William N. Springer against the Indianapolis Traction and Terminal Company and another.  From a judgment on a verdict for the plaintiff for $4,000, defendants appeal.  *Affirmed.*

*F. Winter, William W. Cook* and *W. H. Latta,* for appellant Indianapolis Traction and Terminal Company.

*Frederick E. Matson* and *Crate D. Bowen* for appellant City of Indianapolis.

*P. W. Bartholomew, Uriah S. Jackson* and *Earl Sample,* for appellee.

IBACH, J.—Appellee, by his next friend, brought this action in the Superior Court of Marion County against appellants to recover damages for personal injuries alleged to have been received by him through their negligence.  The venue was afterwards changed to the Hancock Circuit Court.

The complaint is in two paragraphs.  The negligence charged in the first paragraph is that the Indianapolis Street Railway Company carelessly and negligently permitted a hole, eight inches deep, three feet long and one foot wide, to exist and remain unrepaired between its tracks at a point on Massachusetts avenue in the city of Indianapolis, and in its right of way, with knowledge thereof; that said hole was carelessly and negligently permitted to remain unguarded and unrepaired for a long time prior to the date of the injury complained of; that on April 11, 1902, appellee was riding a bicycle on said avenue; that said bicycle ran and fell into said hole, and threw appellee prostrate upon the said railway company's tracks; that while he lay

there in plain view, said railway company and its servants carelessly and negligently ran one of its said cars against, over and upon said appellee, inflicting the injuries for which he sues. Said paragraph also avers that since April 11, 1902, the Indianapolis Street Railway Company has leased to appellant company all of its rights, privileges and franchises in, to and over the tracks and right of way as set forth in the complaint; that, as a part consideration for said lease, appellant company assumed and agreed to pay all claims against the lessor arising out of contract or tort.

The second paragraph alleges - substantially the same facts as to the railway company as are charged in the first paragraph, and, in addition, charges that during the year 1902, the city of Indianapolis had complete control and supervision of all the streets and highways situated within its limits; that Massachusetts avenue is a public street situated within said city, and that said railway company and said city, carelessly and negligently maintained a hole, open and unguarded, between the tracks of said railway company.

Appellant company answered by general denial. A demurrer to the second paragraph was filed by appellant city, which was overruled, and an answer filed in general denial. A trial was had by jury, resulting in a verdict against appellant company on both paragraphs, and against appellant city on the second paragraph. With the general verdict the jury returned answers to interrogatories. Over appellants' separate motions for judgment on the answers to interrogatories, judgment was rendered on the verdict in favor of appellee against appellants jointly.

Appellants' separate motions for a new trial were overruled, and these rulings are assigned as error. The first point argued by appellant company is that the trial court erred in overruling its motion for judgment upon the interrogatories, and answers thereto returned by the jury, notwithstanding the general verdict. It

is insisted in the presentation of this point that the only charge of actionable negligence against appellant company is that the Indianapolis Street Railway Company, its predecessor, after plaintiff had fallen upon its tracks, in the path of its incoming car, negligently and carelessly ran its car over plaintiff. We cannot agree with counsel in their contention. It is true that the complaint charges negligence on the part of said railway company as before set out, but it also charges that the Indianapolis Street Railway Company negligently and carelessly maintained and permitted to exist and remain unrepaired, a certain hole between its tracks and in its right of way, with knowledge thereof, and carelessly and negligently failed to repair said hole, and permitted it to remain unguarded for about two months prior to the date of the injury. The fact that the complaint also charges said railway company with negligence in the manner in which it operated its car does not in any way add to or detract from the remaining averments of the complaint. The negligent act alleged in the running of the car is only one of the acts of negligence described. Neither of said acts of negligence is dependent upon the other, and the proof of either would support a verdict for damages.

It is shown by the evidence that Massachusetts avenue is one of the public streets in the city of Indianapolis; that a hole was permitted to remain therein for a long time after both defendants had knowledge of said defect; that said hole or defect was within that portion of the street required to be paved and kept in repair by said railway company; that it was the duty of said city to maintain said street in a reasonably safe condition for ordinary travel, and that a like duty rested upon the Indianapolis Street Railway Company as to that portion of the street between its tracks. *Knouff* v. *City of Logansport* (1901), 26 Ind. App. 202, 84 Am. St. 292; Elliott, Roads and Sts. (2d ed.) §772.

The duty on the part of the railway company to repair the street in question was one imposed by law, and a failure so to do rendered said railway company liable for any injury resulting therefrom. §5649 Burns 1908, Acts 1899 p. 260, §2.

It is insisted that it appears from the complaint that appellant company is operating under a lease from the Indianapolis Street Railway Company, and that the old company was still in existence at the time this action was begun, and was within the jurisdiction of the court, and should have been made a party to this action, and that there is no privity of contract between appellee and either party to the contract. The lease in question does not enumerate any particular person or persons or form of claims, but includes all persons coming within the scope of its provisions. It leaves the character of the claim, the amount due, and the person to whom it is due, all for future consideration. Such an agreement must be construed to be for all intents and purposes an agreement for the benefit of this plaintiff and other claimants, and such doubtless was the intention of the parties to the contract. 7 Am. and Eng. Ency. Law (2d ed.) 108, and authorities cited; Beach, Railways §553; *Cleveland, etc., R. Co.* v. *Pruitt* (1893), 134 Ind. 557.

Authority is given to sell the franchises and properties of street railway companies and to lease them. §§5651, 5652, 5654 Burns 1908, Acts 1899 p. 230, §4, Acts 1903 p. 330, §§1, 3.

It appears also from the record in this case that an agreement was made, when the cause was tried in the court below, that the Indianapolis Traction and Terminal Company was the successor of the Indianapolis Street Railway Company. It also appears from the portion of the lease in evidence that the lessee was to pay, as and when they became due and payable, all debts and obligations of and rightful

NOVEMBER TERM, 1910.　41

Indianapolis Traction, etc., Co. *v.* Springer—47 Ind. App. 35.

claims and demands against the lessor, existing at the commencement of the term of the lease, and whether arising out of contract or tort, and in receiving the properties, rights and tracks of the Indianapolis Street Railway Company, as a part of the consideration of the lease, it cannot be now heard to say that it is not liable to any third party in whose interest and for whose benefit the contract was made. The Indianapolis Street Railway was not a necessary party to a complete determination of the action. *Jeffersonville, etc., R. Co.* v. *Hendricks* (1872), 41 Ind. 48; *United States Capsule Co.* v. *Isaacs* (1899), 23 Ind. App. 533; *Sloan* v. *Central Iowa R. Co.* (1883), 62 Iowa 728, 16 N. W. 331; *Wabash R. Co.* v. *Stewart* (1891), 41 Ill. App. 640; *Hanlon* v. *Smith* (1909), 175 Fed. 192; *Gray* v. *Grand Trunk, etc., R. Co.* (1907), 156 Fed. 736, 84 C. C. A. 392; *Thompson* v. *Northern Pac. R. Co.* (1899), 93 Fed. 384, 35 C. C. A. 357.

In their answers to interrogatories numbered thirty-eight to forty-two, the jury found there was a defect in the pavement south of the north rail of the south track, about four inches deep, six inches wide and from three to four feet long, and by their answer to interrogatory number nine, they found that the hole caused the plaintiff to fall.

Conceding, as is insisted by counsel for appellant company, that the jury found by their answers to interrogatories that the railway company was not guilty of negligence in the operation of its car, this would not necessarily render said answers in irreconcilable conflict with the general verdict. Appellee was riding in a place where he had a right to be, and if it had not been for the hole in the street, as alleged in plaintiff's complaint, he would not have been injured. The presence of the hole in the street was the proximate cause of the injury.

Proximate cause may be defined as "that cause which in

42    APPELLATE COURT OF INDIANA,

Indianapolis Traction, etc., Co. *v.* Springer—47 Ind. App. 35.

natural and continuous sequence, unbroken by any efficient, intervening cause, produces the result complained of, and without which that result would not have occurred.'' 16 Am. and Eng. Ency. Law 436. By proximate cause is intended an act which directly produced or concurred directly to produce the injury.

The hole in the street into which appellee's bicycle ran, throwing him on the track of the street railway company, causing him to be run over by one of the cars of said company, was the proximate cause of the injury complained of by this appellee.

Objection is made on behalf of appellant company to certain instructions given. The first objection is that the court erred in giving to the jury the second instruction asked by plaintiff. The same objection is made to the giving of instruction one, requested by plaintiff. These objections are based upon the ground that the railway company owed no duty to keep that portion of the street occupied by its tracks in a reasonably safe condition for travel, and that there was no statute imposing a duty not to permit the pavement in the street occupied by it to become defective, nor imposing upon it the duty to guard or repair the street. In our view of the case, such objections are not tenable. The statute seems to be plain. The defective condition of the street, the length of time it was allowed to remain in such defective condition, and the failure to guard such defect were material points at issue in the case, and the court rightfully instructed the jury upon this feature and committed no error in giving said instructions, because they clearly stated the law applicable to the case made by the evidence.

Objection was also made to the giving of instructions four, five, six and seven, on the court's own motion. These instructions must be considered together, and, when so considered, we conclude that the court below instructed the jury clearly upon the law applicable to the case.

Appellant city insists that when appellee was thrown into the street, the negligence of the city had spent itself, and appellee was uninjured, and he was thereafter injured by an independent agency, and this independent agency became the proximate cause of the injury.  Our attention has not been directed to an instance where the law has been applied upon that theory, under such circumstances as are revealed in this case.  It has been held repeatedly that "intervening agencies sometimes interrupt the current of responsible connection between negligent acts and injuries; but as a rule these agencies, in order to accomplish such results, must entirely supersede the original culpable act, and be in themselves responsible for the injury, and must be of such character that they could not have been foreseen or anticipated by the original wrongdoer.  If it required both agencies to produce the result, or if both contributed thereto as concurrent forces, the presence and existence of one will not exculpate the other, because it would still be an efficient cause of the injury." *White Sewing Machine Co.* v. *Richter* (1891), 2 Ind. App. 331.

It is insisted by appellant city that the court erred in giving to the jury instructions one and two, requested by plaintiff, in that it ignores the requirement that before plaintiff can recover against the city he must prove not only negligence on its part, but that such negligence was the proximate cause of the injury.  These instructions must be taken in connection with all the other instructions given to the jury, and, when so considered, the appellant's claim cannot be allowed.

It is also insisted that the court erred in giving instruction four, requested by plaintiff, which reads as follows: "If two or more causes combine to produce an injury, a person who is responsible for only one of such causes will not be relieved from liability when the person injured was not responsible for either of the causes,

and was free from fault.'' The theory of plaintiff's second paragraph of complaint is that the defective place in the street was caused by the negligence of defendant city and defendant company, and if the hole was caused by such negligence as charged, then defendant city would not be relieved from liability, because the Indianapolis Street Railway Company was likewise guilty of carelessness and negligence, and therefore the instruction upon this branch of the case was proper.

Objections are also made to instructions five and seven, given by the court on its own motion, for the reason that they omit essential elements; but these objections are 13. not well taken, for the reason that the elements alleged to be omitted in these instructions were contained in and covered by other instructions given.

The answers to the interrogatories show that appellant company was guilty of maintaining the hole in the street, as charged in the complaint, and appellants do not 14. show that appellee was guilty of contributory negligence, or that he was not rightfully upon said avenue, and we are unable to see anything in the answers to the interrogatories inconsistent or irreconcilable with the general verdict. Where the answers to the interrogatories and the general verdict are not inconsistent, the general verdict must stand. *Adams* v. *Cosby* (1874), 48 Ind. 153; *Cox* v. *Ratcliffe* (1886), 105 Ind. 374.

We find no error in the record. Judgment affirmed.