## CITY OF MICHIGAN CITY v. RUDOLPH.

[No. 15,746. Filed February 16, 1938.]

*Walter R. Arnold* and *Lawrence G. Connor,* for appellant.

*Moore, Long & Johnson* and *George F. Stevens,* for appellee.

Wood, J.—The appellee brought this action against appellant to recover damages for personal injuries alleged to have resulted from negligent conduct of the

appellant in permitting sand to collect and remain upon a street on which the appellee was operating an automobile, causing her to lose control of the automobile and wreck the same whereby she sustained the personal injuries of which she complains.

The issues consisted of a complaint in one paragraph and an answer in general denial. The case was submitted to the court and jury for trial, resulting in a verdict and judgment in appellee's favor. Within due time the appellant filed a motion for a new trial alleging the following causes therefor: That the verdict of the jury was not sustained by sufficient evidence and was contrary to law; that the court erred in excluding certain testimony tendered by the appellant; that the court erred in refusing to give certain instructions tendered by the appellant; that the court erred in the giving of certain instructions tendered by the appellee. This motion was overruled, and appellant appeals, assigning this action of the court as the only error for reversal.

In her complaint the appellee does not charge the appellant with negligence in the construction of the pavement on which she was driving, neither does she charge the appellant with negligently permitting the pavement to deteriorate into a state of dangerous disrepair. The complaint is upon the theory that the appellant carelessly and negligently permitted sand to collect on the pavement in large quantities on that portion thereof located at what is designated as bus stop 12, in appellant city; that appellant permitted said sand to form in ridges of from six inches to one foot in depth so that automobiles proceeding along the highway coming in contact with the sand, by reason of its looseness and ridges, would cause control to be lost of an automobile, which fact appellant knew or could have known by the exercise of reasonable care and, notwithstanding these facts, appellant carelessly and negligently per-

mitted the sand and ridges therein to gather in the highway and remain there for a week; that on the 12th day of November, 1934, the appellee was driving an automobile on the pavement in a westerly direction in appellant city and when she came in close proximity to bus stop 12, an automobile was approaching from the west going east; that as appellee was about to meet the approaching automobile, the automobile which she was operating was forced suddenly into the sand which the appellant had carelessly and negligently permitted to accumulate and remain on the pavement; that the automobile appellee was operating plunged into the sand and, by reason of the ridges and looseness of the sand, she lost control of the automobile and the same skidded, slid, and ran into the side of the road striking a telephone pole and a guy wire, resulting in appellee's injuries.

The evidence is without conflict that the sand was blown and deposited upon the pavement by high winds which prevailed in the locality where the accident in question took place; that is to say, the sand was deposited on the pavement by an act of God and not through any act or instrumentality over which the appellant had any control. It seems reasonable to assume, therefore, that the same rules of law and the same reasoning should apply in determining the respective rights and duties of the parties in the instant case as those that apply in cases where ice and snow have been deposited or permitted to accumulate upon a sidewalk or pavement from like causes.

In *City of Linton* v. *Jones* (1921), 75 Ind. App. 320, 130 N. E. 541, this court announced the rule prevailing in such cases in the following language (p. 322) : "The general rule, as to the liability of cities for injuries caused by the presence of snow or ice on the sidewalks thereof, as gathered from the best reasoned decisions

seems to be, that while a city is not liable for injuries arising from a general slippery condition of a sidewalk made so from an accumulation of snow or ice through natural causes, nevertheless liability may exist where such snow or ice has been so changed in form from its original condition as to become an obstruction to travel by reason of being rough and uneven." Many cases are collected and cited in support of the above statement.

It has been held that the mere fact of snow falling, melting, and then freezing upon the pavement, making it slippery, will not of itself create a liability on the part of the city for injuries to one slipping and falling thereon. The city is not answerable for the fall of snow and no statute has been called to our attention nor is there any holding in this state which imposes upon a city the duty of removing from its streets all snow that falls or ice that forms thereon. *McQueen* v. *City of Elkhart* (1895), 14 Ind. App. 671, 43 N. E. 460; *Johnson* v. *City of Evansville* (1933), 95 Ind. App. 417, 180 N. E. 600.

There is no allegation in the complaint and there was no evidence to show that the sand was deposited upon the pavement at the place of the accident except from natural causes. There is no allegation in the complaint and there was no evidence that the sand at the place in question was in any different form than it was when it was deposited there from natural causes, except such changes as were made by automobiles having been driven through the sand, leaving two parallel ruts.

The record is devoid of any evidence, that at the time when the appellee approached the place where the sand was deposited upon the pavement and was about to or was in the act of driving her automobile through it that her attention was distracted for any cause, that she was overtaken by a period of forgetfulness, or that she was confronted with any emergency of any kind which would excuse her from the exercise of reasonable care in dis-

covering the presence of the sand or in driving her automobile through it.

In fact, the evidence, as testified to by the appellee herself, is without conflict that the accident happened at about three o'clock in the afternoon, that it was a bright, clear day, that as the appellee approached bus stop 12 and was about one-half block east thereof, she observed the sand on the pavement, that she retarded the speed of the automobile but did not come to a complete stop, that she observed the condition of the sand, that it was in her opinion from six to twelve inches deep and blown up in uneven ridges, that there were two ruts part way through the sand where automobiles had been driven, that she was traveling at a speed of about fifteen miles per hour when she entered the sand, that after having proceeded part way through it she "stepped on the gas," that when she did this the automobile lurched and she lost control of it whereupon it went off the pavement and hit the telephone pole, that she had driven an automobile for about eighteen years but had never before driven one in sand on a pavement and had no idea of the danger of driving in sand under such circumstances.

The appellee, while driving her automobile on the pavement, had a right to assume, in the absence of notice to the contrary, that the pavement was in a reasonably safe condition for travel. The evidence shows without conflict that before she attempted to drive through the sand appellee had notice of its presence in time to have stopped her automobile and that she did have her automobile under control until she "stepped on the gas"; so she cannot claim the benefit of this assumption. *Citizens' St. R. Co.* v. *Ballard* (1899), 22 Ind. App. 151, 52 N. E. 729; *City of Indianapolis* v. *Mitchell* (1901), 27 Ind. App. 589, 61 N. E. 947; *City of Evansville* v. *Christy* (1902), 29 Ind. App.

44, 63 N. E. 867. The fact that the appellee did have notice of the presence of the sand on the pavement would not of itself preclude her from driving her automobile thereon and through the sand, but under such circumstances it would be incumbent upon her to use care commensurate with the known danger to be encountered. *City of Bedford* v. *Neal* (1895), 143 Ind. 425, 41 N. E. 1029, 42 N. E. 815; *Citizens' St. R. Co.* v. *Ballard, supra; City of Muncie* v. *Hey* (1905), 164 Ind. 570, 74 N. E. 250; *Town of New Castle* v. *Mullen* (1909), 43 Ind. App. 280, 87 N. E. 146.

While it may be considered, for the present purpose, that appellant was negligent in permitting the sand to remain on the pavement, still appellee would not be entitled to a recovery against the appellant if she was guilty of negligence contributing to her injury and this is a fact which may be shown from the evidence of the appellee herself. *City of Evansville* v. *Christy, supra.* The appellee's own evidence, which is the only evidence as to her conduct on this phase of the case, is that before she started through the sand she retarded the speed of her automobile, and she experienced no difficulty whatever in proceeding through the sand until she "stepped on the gas" when she immediately lost control of the automobile. Appellee apparently seeks to exclude her act, when she "stepped on the gas," thus causing her to lose control of the automobile, from the category of contributory negligence, by reason of the fact that she had never had any experience in driving through loose sand upon a pavement, which sand was from six to twelve inches in depth and had been blown up into ridges and was ignorant of the result which would be obtained under such circumstances. This position is not tenable. The recognition of such a rule of law would virtually make the municipality an insurer against highway hazards to be en-

countered by inexperienced drivers upon the streets of a city.

In the case of *City of Huntingburgh* v. *First* (1896), 15 Ind. App. 552, 43 N. E. 17, appellee recovered judgment against the city for damages sustained when she tripped upon a loose board in a sidewalk which tipped up when her companion, walking by her side, stepped upon it. In reversing the case and holding that the appellee was guilty of contributory negligence which caused her injury and that she could not excuse her conduct because she did not know that a loose board in the sidewalk would tip when stepped upon, the court said (p. 557) : "If the walk was not unsafe to those paying attention and using care while walking upon it, appellee's injury, so far as the evidence discloses, may have been the result of carelessness or inattention on her part. The fact that she says she did not know that the planks would tip is no sufficient excuse for not paying attention and using care, for she was bound to know that a loose board or plank in a walk is liable to be misplaced by one stepping upon it. It requires no special knowledge to know that a loose plank in a walk may be so misplaced. She was familiar with the walk and its conditions, and in using it she was bound to use care commensurate with the danger incurred. One of the dangers to be anticipated, and which it was her duty to use some degree of care to guard against, was the very one which she says caused her injury. She took no precaution, so far as the evidence discloses, to avoid it; but, as an excuse for her neglect, she says she did not know that a loose board when stepped upon would tip. She was in duty bound to know that it was liable to, or might do so, and to take ordinary precaution to avoid being injured in the event it did tip. The evidence fails to show that she took any precaution whatever to avoid being injured."

In discussing the question of liability of a defendant for negligent acts, even though the result of inexperience or lack of knowledge, the editor of the Restatement of Torts, paragraph j, under §289, page 770, says: "It is not necessary that the actor should realize that the circumstances surrounding him are such as to make his conduct likely to cause harm to another. It is enough that he should realize that his perception of the surrounding circumstances is so imperfect that the safety or danger of his act depends upon circumstances which at the moment he neither does nor can perceive. In such case it is negligent for him to act if a reasonable man would recognize the necessity of making further investigation. If he acts without such investigation, he must, as a reasonable man, realize that his act contains a risk depending upon the character of the unknown surroundings. There may be situations in which the importance of immediate action prevents the risk from being unreasonable, as where an act is done in an emergency which affords no time for investigation and is reasonably necessary for the protection of some valuable interest of the actor or of a third person." Again in the same volume in paragraph m, under the same section at page 773, it is asserted that: "The fact that the actor through lack of personal experience or otherwise has inferior opportunities of acquiring this knowledge is immaterial except in the cases of young children." And in determining whether the plaintiff is guilty of negligence contributing to his injury the same tests are held to apply. See Restatement of Torts, §464, page 1228. *McGahan* v. *The Indianapolis Natural Gas Co.* (1894), 140 Ind. 335, 37 N. E. 601.

Thus it requires no special knowledge to know that when an automobile is being driven through loose sand which is blown onto a pavement and lays in ridges from six to twelve inches in depth, that if the speed of the

automobile is suddenly accelerated, it will skid and the driver will lose control thereof just as happened in the instant case. It was one of the dangers which it was the duty of the appellee to anticipate and guard against. Lack of experience would not excuse her.

"Proximate cause is defined to be any cause which, in natural and continuous sequence, unbroken by any efficient, intervening cause, produced the result complained of, and without which the result would not have occurred." *The Louisville and Jeffersonville Ferry Co.* v. *Nolan* (1893), 135 Ind. 60, 65, 34 N. E. 710; *Baltimore & Ohio Southwestern Ry. Co.* v. *Cavanaugh* (1905), 35 Ind. App. 32, 71 N. E. 239; *Indianapolis Traction & Terminal Co. et al.* v. *Springer, By Next Friend* (1911), 47 Ind. App. 35, 93 N. E. 707. "The mere failure to perform a duty will not create liability unless such failure results in and is the proximate cause of the injury complained of." *The Holliday & Wyon Co.* v. *O'Donnell, By Next Friend* (1913), 54 Ind. App. 95, 104, 101 N. E. 642; *Indianapolis Traction & Terminal Co.* v. *Crawley* (1912), 51 Ind. App. 357, 96 N. E. 392. When it appears that the complaining party was actively and contemporaneously at fault at the time when he suffered the injuries of which he complains then he will be precluded from recovery. And it is not necessary that it shall have been the sole cause of the injury, but it is sufficient if it enters into and forms part of the immediate cause thereof. *Indianapolis Traction & Terminal Co.* v. *Kidd* (1906), 167 Ind. 402, 79 N. E. 347; *Vandalia Ry. Co.* v. *Fry* (1919), 70 Ind. App. 85, 123 N. E. 124.

Contributory negligence is usually a question of fact for the jury, but when the facts and evidence are undisputed or are such that only a single inference can be drawn therefrom, then it becomes a question of law for the court. *The Louisville & Nash-*

*ville Ry. Co.* v. *Eves* (1891), 1 Ind. App. 224, 27 N. E. 580; *Holcomb* v. *Norman* (1911), 47 Ind. App. 87, 91 N. E. 625; *Chicago & E. I. R. Co.* v. *Mitchell* (1914), 56 Ind. App. 354, 105 N. E. 396.

There being positive and uncontradicted evidence that the appellee encountered no difficulty in controlling her automobile until she "stepped on the gas" when it suddenly skidded and went out of her control, we think the record presents a state of facts which requires us to hold, as a matter of law, that the appellee was guilty of negligence contributing to her injury, that the verdict of the jury was not sustained by sufficient evidence and was contrary to law, and that the trial court should have sustained appellant's motion for a new trial.

Appellant discusses other alleged errors. They, in all probability, will not recur upon another trial of this cause so they are, therefore, not discussed in this opinion.

Judgment reversed with instructions to sustain appellant's motion for new trial and for further proceedings not inconsistent with this opinion.