## HART v. WABASH R. CO.
### No. 9802.

United States Court of Appeals
Seventh Circuit.
Oct. 27, 1949.

Lee M. Bowers Huntington, Indiana, Fred E. Zollars, Fort Wayne, Indiana, C. A. Lincoln, Fort Wayne, Indiana, Bowers, Feightner & Palmer, Huntington, Indiana, of counsel, for appellant.

Ray Ade, Huntington, Indiana, Albert Lieberman, Carleton H. McIntyre, Detroit, Michigan, for appellee.

Before MAJOR, Chief Judge, and KERNER and DUFFY, Circuit Judges.

DUFFY, Circuit Judge.

This appeal is from a judgment favorable to the plaintiff, based upon a jury verdict, in· an action for damages occasioned by the alleged negligence of the defendant railway company in the manner it operated a passenger train within the city limits of Huntington, Indiana. Grayston Avenue is the first north-and-south street inside the city limits of Huntington as one approaches from the east. Four railway tracks cross Grayston Avenue in approximately an easterly-westerly direction. These consist of the Wabash main track, side track, and passing track, and an Erie Railroad track about 40 ft. north of the Wabash main track.

On January 23, 1946, at 11:40 a. m., plaintiff's decedent, Dona Lee Hart, 17 years of age, was riding in the left rear seat of an automobile driven by her step-father, Roscoe Hart. The automobile was being driven in a southerly direction on Grayston Avenue, and as it approached the railroad crossing was traveling not in excess of five to ten miles per hour. From the railroad crossing north, Grayston Avenue was covered with snow and ice and was in an extremely slippery condition. Wabash Train No. 1 was approaching the city of Huntington from the east on the main track, and was traveling in excess of 60 miles per hour. As one approached the tracks on Grayston Avenue nothing obstructed the view to the east; from a point 97 ft. north of the tracks, one could have a clear view of the tracks for 1,800 ft. to the east. Roscoe Hart was thoroughly familiar with the crossing, having driven over it several times daily for a number of years. Dona Lee had crossed the tracks several times a day on her way to and from school.

As the Hart automobile approached the railroad crossing, Roscoe Hart applied the brakes, but although the rear wheels stopped revolving at a point 20 ft. north of the nearest rail of the Wabash main track, the car continued in a forward movement on the icy surface of the street and came upon the tracks. Two skid marks on Grayston Avenue made by the rear wheels of Hart's automobile extended 20 ft. back from the north rail of the main track. The locomotive struck the automobile and as a result Dona Lee Hart was killed.

Plaintiff alleges as negligence defendant's failure to provide a signal device or watchman at the crossing as required by an ordinance of the city of Huntington, failure to sound a warning whistle, failure to keep a proper lookout, and operating the train at an excessive rate of speed within the city limits. After denying the specific acts of negligence, as alleged, the defendant answered that any negligence of the defendant was not the proximate cause of the collision. The answer also alleged contributory negligence.

The denial of motions for a directed verdict and for judgment non obstante veredicto present for decision the defendant's contention that the icy condition of Grayston Avenue in the immediate vicinity of the railroad crossing was the sole proximate cause of the accident.

As the Hart automobile approached the railroad crossing on January 23, it was being driven at a reasonable rate of speed for ordinary and usual driving conditions. Unless Dona Lee Hart's attention had been called to, or from experience she knew of, the inherently dangerous condition of the extremely icy highway, from her viewpoint no harmful consequences of the automobile approaching the crossing at a speed of from five to ten miles per hour were foreseeable. Even though she saw the approaching train, and she could have seen it if she had looked, any reasonable and prudent passenger would have expected that the slowly driven automobile could be stopped within a few feet after the application of the brakes.

Testimony on the trial disclosed that Mr. Hart, the driver of the automobile, did in fact see the approaching train, but that although he applied his brakes he could not

494

stop the forward movement of the automobile, and it slid forward onto the railroad crossing. Under such circumstances the icy condition of the pavement was the sole proximate cause of the collision, and the plaintiff cannot recover even though there may have been negligence on the part of the defendant. Megan v. Stevens, 8 Cir., 91 F.2d 419, 422, 113 A.L.R. 992; Hickey v. Missouri Pacific Railroad Corp. in Nebraska, 8 Cir., 8 F.2d 128, 129; Ruth Berg v. New York Central Railroad Co., 391 Ill. 52, 62 N.E.2d 676. In both the Megan and Hickey cases, in each of which damages for the death of a guest in a car were sought, the automobile was driven at a speed that would have enabled the driver to have stopped short of the railroad crossing had it not been for the icy condition of the pavement. In the Megan case, supra, the court said, 91 F.2d at page 424: "* * * Under the evidence of the plaintiff, the collision would never have occurred except for the ice on the highway, and that was the sole proximate cause of the death."

In the Hickey case supra, the court said 8 F.2d at page 129: "Assuming the truth of the testimony for the plaintiff as to the presence of ice in (on) the highway, we are of the opinion that the ice and not the negligence of the defendant was the proximate cause of the accident. * * *"

Neither the speed of the train, the lack of signals or of a crossing watchman, or the failure to sound a whistle caused this collision, since the driver of the automobile saw the approaching train and did that which under ordinary driving conditions would have stopped the car. An intervening cause, the slippery pavement, caused the automobile to continue in its forward movement, and that slippery condition of the pavement was the sole proximate cause of the accident and of the death of Dona Lee Hart.

█ Under Indiana law the railroad has no duty to remove the icy condition of the highway leading up to or adjacent to its tracks at a railroad crossing. Adams v. Pennsylvania R. Co. 7 Cir., 117 F.2d 649, 650.

It follows that the plaintiff is not entitled to recover in this action. Reversed and remanded, with directions to dismiss the complaint.